UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

SHELTON ROSEBORO                )
4520 Fort Totten Drive, NE      )
Apt. 107                        )
Washington, D.C. 20011          )
                                )
                Plaintiff )
                                )
v.                              )
                                )
JAMES H. BILLINGTON,            )
LIBRARIAN OF CONGRESS           )
Library of Congress             )
101 Independence Avenue, S.E.   )
Washington, D.C. 20540          )   **Jury Trial Demand**
                                )
                Defendant. )
_____)

## Complaint

Comes now Plaintiff Shelton Roseboro, by and through his attorneys, and sues Defendant James H. Billington, Librarian of Congress and the Library of Congress (collectively Defendant Billington) and for his complaint states as follows.

This action seeks declaratory, injunctive and equitable relief, and compensatory and liquidated damages for violations of the Family and Medical Leave Act, 29 U.S.C. Sec. 2601 et seq. suffered by Roseboro in his employment at the Library of Congress.

## Jurisdiction and Venue

1. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. Section 1331 in that the subject matter arises under the laws of the United States, 29 U.S.C. Sec. 2601 et seq. and 29 C.F.R. 825, et seq.

## Venue

2.   Venue is proper in this court pursuant to 28 U.S.C. Section 1391(b) in that all or some events or omissions giving rise to Roseboro's claims occurred in this judicial district and Defendant may be found in this judicial district.

## Parties

3.   Plaintiff Shelton Roseboro is a citizen of the United States and a resident of the District of Columbia. At all pertinent times, Defendant employed Roseboro as a library technician at the Library of Congress.

4.   Defendant Billington (hereafter "Defendant," or "Library of Congress" or "Billington") is the Librarian of Congress. The Library of Congress is a department within the Legislative Branch of the government of the United States. As Librarian of Congress, Billington is the head of LOC and is responsible for the personnel actions and omissions and practices at the LOC. Billington is sued in his official capacity as head of the LOC. At all times material, Defendant Billington was an "employer" within the meaning of 29 U.S.C. Sec. 2601 et seq. and 29 C.F.R. 825, et seq.

## Factual Allegations

5.   Plaintiff Roseboro was employed as a GS-7 Library Technician in the Serials Processing section at the Library of Congress. Roseboro began employment at the Library of Congress in 1989 and was terminated on September 27, 2004. Plaintiff Roseboro was employed in a full time capacity at the Library of Congress in the year preceding February 2004 and worked in excess of 1250 hours.

6. Plaintiff Roseboro has a history of coronary artery disease, and a history of drug and alcohol addiction. In February 2004, Mr. Roseboro submitted a request to the Library of Congress for FMLA leave to enter a substance abuse program. He included with his request a referral and a Certification of Health Care Provider from his physician as required by the FMLA.

7. On April 2, 2004, the Library of Congress, through its Human Resources Director, Teresa Smith and Medical Officer, Dr. Sandra M. Charles, denied Plaintiff Roseboro's request for FMLA leave. Mr. Roseboro enrolled in the substance abuse program and was terminated in September 2004 for taking unauthorized leave.

## COUNT I

### Violation of the Family and Medical Leave Act (FMLA)

Roseboro realleges and incorporates the allegations of all paragraphs above as if fully set forth herein.

8. The Family and Medical Leave Act, 29 U.S.C. Sec. 2601 et seq. and 29 C.F.R. 825 et seq., requires all employers, including public employers, of twenty or more employees to provide up to twelve weeks of unpaid family leave for the birth of a child, adoption or foster care or to care for a seriously ill family member and up to twelve weeks of unpaid medical leave to recover from a serious illness rendering the employee unable to work. The leave may also be taken intermittently, in the case of a serious health condition, as defined in the Family and Medical Leave Act, including treatment for substance abuse.

9. At all pertinent times, Defendant Billington (and the Library of Congress) was an employer subject to provisions of Family and Medical Leave Act.

10. At all pertinent times, Roseboro was an employee entitled to invoke his rights under the Family and Medical Leave Act.

11. The Family and Medical Leave Act prohibits an employer from denying an employee his/her rights under this Act, and prohibits an employer from discriminating against an employee because he requests FMLA leave or retaliating against an employee because he takes FMLA leave.

12. In violation of the FMLA, Defendant denied Plaintiff Roseboro his right to take up to twelve weeks of leave under the FMLA and terminated his employment for taking leave under the FMLA. In February 2004, Mr. Roseboro submitted a request for FMLA leave to enter a substance abuse program and included a referral and a Certification of Health Care Provider from his physician. On April 2, 2004, the Library of Congress, through its Human Resources Director, Teresa Smith and Medical Officer, Dr. Sandra M. Charles, denied the request for FMLA leave. Mr. Roseboro was terminated in September 2004 for taking unauthorized leave.

13. Defendant at all relevant times had actual and constructive knowledge of the conduct described above.

14. Defendant had no legitimate business reason for any of such acts.

WHEREFORE, Plaintiff prays as follows:

A. That the court enter judgment against the Defendant;

B. That the court award to Roseboro damages in an amount equal to all of his accumulated lost wages and benefits, including back pay, front pay and benefits; compensatory and liquidated damages for the financial and emotional harm caused by

defendant, including prejudgment and post-judgment interest and any other damages permitted under the FMLA;

C.  Award payment of all fees, costs, expenses, including attorney's fees and expert fees;

D.  Reinstatement of Roseboro to his position with the Defendant; and

E.  That the Court award Roseboro such other relief as to which he may be deemed entitled.

Respectfully submitted,

/s/ David A. Branch

David A. Branch #438764
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, N.W.
Suite 690
Washington, D.C. 20009
(202) 785-2805 phone
(202) 785-0289 fax

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all counts.