UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHELTON ROSEBORO, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>JAMES H. BILLINGTON, )<br>LIBRARIAN OF CONGRESS )<br>)<br>Defendant )<br>)<br>_____) | Civil Action No. 06-0602 (RWR)<br><br>ECF |

## ANSWER

The Defendant, James H. Billington, Librarian of Congress, by and through undersigned counsel hereby answers Plaintiff's Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim upon which relief may be granted

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial on his FMLA claim.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages or non-economic compensatory damages such as emotional distress and humiliation on his FMLA claim.

### FOURTH AFFIRMATIVE DEFENSE

In response to the individual numbered paragraphs of the Complaint, Defendant admits, denies or otherwise avers as follows:

Plaintiff's first paragraph (unnumbered) identifies the parties to this action, not averments

of fact to which a response is required. To the extent a response is deemed required, Defendant admits only that Plaintiff, Shelton Roseboro, has filed a complaint against James Billington, in his official capacity as Librarian of Congress for the Library of Congress and denies the remaining allegations.

Plaintiff's second paragraph (unnumbered) contains Plaintiff's characterization of his claim and relief sought, not averments of fact to which a response is required. To the extent a response is required, Defendant admits that Plaintiff has filed this Complaint pursuant to the Family and Medical Leave Act, 29 U.S.C. 2601 *et. seq*, but Defendant denies that it violated the Family and Medical Leave Act, and further denies that Plaintiff is entitled to the relief requested in this paragraph, or entitled to any relief whatsoever.

### Jurisdiction and Venue

1. Paragraph one consists of Plaintiff's characterization of jurisdiction, to which no response is required. To the extent a response is deemed required, Defendant admits the allegations.

### Venue

2. Paragraph two consists of Plaintiff's characterization of venue, to which no response is required. To the extent a response is deemed required, Defendant admits the allegations.

### Parties

3. In regards to the first sentence of Paragraph three, Defendant lacks sufficient information or knowledge to admit or deny that Plaintiff is a citizen of the United States and a resident of the District of Columbia, and accordingly denies the allegations. In regards to the second sentence of Paragraph three, Defendant admits only that from 1989 until September, 2004, Plaintiff was employed by the Library of Congress and denies any and all remaining allegations.

4. Admit the allegations contained in paragraph four of Plaintiff's complaint.

## Factual Allegations

5. Admit the allegations contained in paragraph five of Plaintiff's complaint.

6. In regards to the first sentence of Paragraph six, Defendant lacks sufficient information or knowledge to admit or deny that Plaintiff has a history of coronary artery disease, and a history of drug and alcohol addition, and accordingly denies the allegations. In regards to the second sentence of Paragraph six, Defendant denies that in February 2004, Plaintiff submitted a request to the Library of Congress for FMLA leave to enter a substance abuse program, but avers that in March 2004, Plaintiff submitted a request to the Library of Congress for FMLA leave to enter a substance abuse program. In regards to the third sentence of Paragraph three, Defendant admits that Plaintiff included with his request for FMLA leave, a referral and a Certification of Health Care Provider from a physician, but Defendant denies that Plaintiff met the statutory requirements to be granted FMLA leave.

7. In regards to the first sentence of Paragraph seven, Defendant denies that on April 2, 2004, the Library of Congress denied Plaintiff's request for FMLA leave, but avers that by memorandum dated March 31, 2004, Teresa Smith, Director of Human Resources Services, denied Plaintiff's request for FMLA leave. Defendant lacks sufficient information or knowledge to admit or deny that Plaintiff enrolled in a substance abuse program and denies that Plaintiff was terminated in September 2004 for taking "unauthorized leave."

## COUNT I

### Violation of the Family and Medical Leave Act (FMLA)

Defendant restates and incorporates his answers to the allegations of the complaint,

paragraphs one through seven, as if fully set forth herein in response to Plaintiff's first paragraph (unnumbered) in Count I.

8. Paragraph eight consists of Plaintiff's interpretation of a law (FMLA) to which no response is required. To the extent a response is deemed required Defendant denies and avers that the language of the FMLA speaks for itself.

9. Admit.

10. Admit.

11. Paragraph eleven consists of Plaintiff's interpretation of a law (FMLA) to which no response is required. To the extent a response is deemed required Defendant denies and avers that the statutory language of the FMLA speaks for itself.

12. In regards to the first sentence of Paragraph twelve, Defendant denies the allegations. In regards to the second sentence of Paragraph twelve, Defendant denies that in February 2004, Plaintiff submitted a request to the Library of Congress for FMLA leave to enter a substance abuse program, but avers that in March 2004, Plaintiff submitted a request to the Library of Congress for FMLA leave to enter a substance abuse program. In regards to the third sentence of Paragraph twelve, Defendant denies that on April 2, 2004, the Library of Congress denied Plaintiff's request for FMLA leave, but avers that by memorandum dated March 31, 2004, Teresa Smith, Director of Human Resources Services denied Plaintiff's request for FMLA leave. In regards to the fourth sentence of Paragraph twelve, Defendant denies that Plaintiff was terminated in September 2004 for taking "unauthorized leave." Defendant denies all other allegations contained in Paragraph twelve.

13. Deny.

14. In regards to the first sentence of Paragraph fourteen, Defendant denies that it had no legitimate reason for the employment decisions it made relating to Plaintiff. The remaining statements in Paragraph fourteen consist of Plaintiff's prayer for relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested in Paragraph fourteen or to any relief whatsoever.

  Defendant denies each and every allegation in Plaintiff's Complaint that is not expressly admitted in this Answer.

July 10, 2006

                Respectfully submitted,

                /s/
               _____
               KENNETH L. WAINSTEIN, D.C. BAR # 451058
               United States Attorney

                /s/
               _____
               RUDOLPH CONTRERAS, D.C. BAR # 434122
               Assistant United States Attorney

                /s/
_____
               HEATHER D. GRAHAM-OLIVER
               Assistant United States Attorney
               Judiciary Center Building
               555 4th St., N.W.
               Washington, D.C. 20530
               (202) 305-1334