UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHELTON ROSEBORO )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES H. BILLINGTON, )<br>LIBRARIAN OF CONGRESS )<br>)<br>Defendant. )<br>) | Civ. Act. No. 06-0602<br>Judge Richard W. Roberts |

## JOINT LCvR 16.3(d) REPORT

Pursuant to LCvR 16.3(c) and the Order for Initial Scheduling Conference, plaintiff Shelton Roseboro, and defendant James H. Billington, by their counsel, jointly submit this report setting forth (1) a brief statement of the case and the statutory basis for all causes of action and defenses; and (2) the results of their conference under LCvR 16.3(c)(1), as well as their proposed discovery plan.

**I.     STATEMENT OF THE CASE/STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES**

**Plaintiff's Statement**: Plaintiff Shelton Roseboro, a former clerk at the Library of Congress submitted a request for FMLA leave to enter a substance abuse program in February 2004. Plaintiff Roseboro provided a medical certification in March 2004 to the Library of Congress. Plaintiff's supervisor requested that he be approved for FMLA leave, but the Library of Congress denied the request for leave and later terminated his employment in September 2004. Plaintiff's complaint alleges a violation of the FMLA.

**Defendant's Statement:** Defendant denies that it violated any part of the Family Medical Leave Act (FMLA). The Plaintiff was removed from his position as Library Technician, for reasons of misconduct in chronically failing to report to work when scheduled and in failing to contact his superior to request leave, as required, for his unscheduled absences. Given these facts, the removal was justified.

## II.     MATTERS DISCUSSED BY COUNSEL PURSUANT TO LCvR 16.3(c)

(1)     Plaintiff believes that this matter will be resolved by a dispositive motion and is preparing a motion for summary judgment. Defendant denies that there is cause to resolve this matter in favor of the Plaintiff on summary judgment. The Library intends to file a motion for summary judgment on liability at the end of discovery.

(2)     Plaintiff proposes that all parties shall be joined or the pleadings amended by December 22, 2006. Defendant does not intend to join any other parties or amend its answer. The parties agree that there are no factual or legal issues that can be agreed upon or narrowed at this time.

(3)     The parties do not consent to the assignment to a magistrate judge, except to resolve discovery disputes or if assigned to ADR.

(4)     Plaintiff is open to the possibility of resolving this matter and will likely have discussions with Defendant. Defendant is amenable to ADR if the case exists after the resolution of dispositive motions.

(5)     Plaintiff believes that case would benefit from ADR at this time. Defendant, although not adverse to ADR, believes that ADR would be more beneficial if the case exists after the resolution of dispositive motions.

(6) The parties will file motions for summary judgment that, if granted, will either dispose of the entire case or substantial portions thereof.

(7) The parties propose waiving Rule 26(a)(1) initial disclosures.

(8) The parties anticipate serving interrogatories, document requests, and requests for admissions, in addition to conducting depositions in this case. A protective order may be necessary depending on the information sought in discovery. See discovery schedule set forth in Section III.

(9) The parties do not propose any change to the existing rules relating to expert reports. See schedule pertaining to experts set forth in Section III.

(10) This case is not a class action.

(11) The parties do not propose to bifurcate trial or discovery.

(12) The proposed date for the pretrial conference is set forth in Section III.

(13) The parties believe that a trial date should be set at the pretrial conference after a ruling on any summary judgment motions, but would defer to the court's normal practice.

## III. PROPOSED DISCOVERY AND OTHER DEADLINES

| EVENT | DATE |
| --- | --- |
| Commencement of Discovery | October 23, 2006 |
| Amendment of pleadings and joinder of additional parties | By December 22, 2006 |
| Submission of Plaintiff's expert report(s) | January 19, 2007 |
| Submission of Defendant's expert report(s) | February 19, 2007 |
| Depositions of Experts | To commence after the submission of each expert's respective report(s) through the end of discovery |

| | |
|---|---|
| Close of discovery | March 23, 2007 |
| Filing of motions for summary judgment | April 20, 2007 (motion and cross-motion); May 21, 2007 (oppositions); June 4, 2007 (replies) |
| Pretrial conference | Forty-five days after the deadline for the filing of motions for summary judgment if none are filed, or forty-five (45) days after a ruling on the motion for summary judgment, assuming there are any triable issue remaining. |
| Trial date | To be determined. |

Respectfully submitted,

/s/

David A. Branch #438764
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, N.W.
Suite 690
Washington, D.C.  20009
(202) 785-2805 phone
(202) 785-0289 fax


/s/
Heather Graham-Oliver
Assistant U.S. Attorney
Civil Division
555 Fourth St., NW
Room 4-4808
Washington, D.C. 20530
(202) 305-1334 phone
(202) 514-8780 fax