UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| SHELTON ROSEBORO        )<br>                                          )<br>            **Plaintiff**       )<br>                                          )<br>         v.                           )<br>                                          )          06cv0602<br> JAMES H. BILLINGTON,   )          Judge Hogan<br>  LIBRARIAN OF CONGRESS  )<br>            **Defendant.**        )<br>_____)   | |

### Plaintiff's Motion for Summary Judgment

Comes now Plaintiff Shelton Roseboro, by and through counsel, pursuant to Federal Rule of Civil Procedure 56 and Local Rules 7 and 56.1, and files this motion for summary judgment on all claims. The grounds for Plaintiff Roseboro's motion are set forth in the supporting Statement of Undisputed Material Facts, Memorandum and Points and Authorities, and accompanying Exhibits.

                                                Respectfully submitted,

                                                       /s/
                                                David A. Branch #438764
                                                Law Offices of David A. Branch, PC
                                                1825 Connecticut Avenue, N.W.
                                                Suite 690
                                                Washington, D.C.  20009
                                                (202) 785-2805 phone
                                                (202) 785-0289 fax

Dated: July 3, 2007

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| SHELTON ROSEBORO )<br>)<br>  Plaintiff )<br>)<br>vi. )<br>)<br>JAMES H. BILLINGTON, )<br> LIBRARIAN OF CONGRESS )<br>  Defendant. )<br>_____ ) | 06cv0602<br>Judge Hogan |

**Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment**

Introduction

  Plaintiff Roseboro was employed as Library Technician with the Library of Congress. In February 2004, he submitted a request for leave to enter a substance abuse program. He later requested FMLA leave and submitted a medical certification. Despite the fact that the Library of Congress was aware that Plaintiff Roseboro was entitled to FMLA leave, the Library denied the request for FMLA leave and later terminated his employment. There are no material facts in dispute. Plaintiff Roseboro is entitled to judgment as a matter of law because the Library interfered with his right to take twelve weeks of FMLA leave and retaliated against him for taking FMLA leave. Plaintiff requests that the court enter judgment on his FMLA claims and schedule a trial on damages.

2

**Background**

Plaintiff Roseboro was employed as a GS-6 Library Technician in the Serials Processing section at the Library of Congress. Ex. A:1(paragraph)

Roseboro began employment at the Library of Congress in 1989 and was terminated on September 24, 2004.  Ex. A:1.

Plaintiff Roseboro was employed in a full time capacity at the Library of Congress in the year preceding February 2004 and worked in excess of 1250 hours.  Ex. A:2.

Plaintiff Roseboro has a history of coronary artery disease, and a history of drug addiction.  Ex. A:3; B:3 (page)

On or about February 3, 2004, Mr. Roseboro suffered a relapse in his battle against the drug addiction and suffered a near drug overdose.  Ex. A:4.

 Mr. Roseboro sought treatment in a certified drug treatment facility at the Gospel Rescue Ministries in Washington, D.C.  Id.  The facility followed a twelve step drug addiction program with regular drug/urine testing.  Id.

On or about February 4, 2004, Mr. Roseboro called his second level supervisor and advised her that he had checked himself into a drug treatment program at  the Gospel Rescue Ministries in Washington, D.C.  Ex. B: 1.

On February 11, 2004, the Assistant Program Director of Gospel Rescue Ministries sent a notice to the Library of Congress advising that Mr. Roseboro was a resident and would be residing at the Gospel Rescue Ministries in Washington, D.C. for twelve months.   Ex.B:2.

3

On February 17, 2004, Mr. Roseboro's doctor, Dr. Jeff Lowenkron, MD, wrote a letter advising that Mr. Roseboro was under his care and he had a history of coronary artery disease and long term crack cocaine abuse. Ex. B:3. Dr. Lowenkron stated that Mr. Roseboro was entering a one year drug addiction program, which he supported, and that it was important that Mr. Roseboro focus on his drug addiction and return to work in one year drug free. Id. This information was provided to the Library of Congress. Id.

On February 18, 2004, the Health Services Office of the Library of Congress through Arlene Klauber, acknowledged receipt of the medical documentation and that Mr. Roseboro had been under medical care since February 6, 2004. Ex. B:4.

On March 15, 2004, the Assistant Program Director of Gospel Rescue Ministries sent a notice to the Library of Congress advising that Mr. Roseboro was a resident and would be residing at the Gospel Rescue Ministries in Washington, D.C. for twelve months. Ex. B:5.

On March 17, 2004, Dr. Lowenkron completed and submitted on behalf of Mr. Roseboro, a Certification of Health Care Provider, which was acknowledged as received by Ms. Klauber on March 22, 2004. Ex. B:6-9.

On March 22, 2004, Mr. Roseboro, submitted a Request for Sick Leave Advance to the Library of Congress. Ex. B:10. In the Request for Advance Sick Leave, Mr. Roseboro invoked entitlement under the Family Medical Leave Act (FMLA). Id.

On March 24, 2004, Maureen Landry, Chief Serial Record Division prepared a memorandum to the Director of Human Resources, Teresa Smith. Ex. B:12-13. In this memorandum, Ms. Landry noted that Mr. Roseboro requested to be excused from February 3, 2004 through November 8, 2004, and sought advanced sick leave from

4

March 22, 2004 through May 3, 2004, and leave of absence from February 3, 2004 – March 19, 2004 and May 4, 2004-November 8, 2004. 202 hours stated, "I am prepared to allow him the twelve(12) weeks of leave to which he is entitled under FMLA as LWOP. I am not willing to either grant him 202 of advance sick leave, nor excuse him from duty nine (9) months. Id.

On March 31, 2004, the Director of Human Resources responded to Ms. Landry concerning Mr. Roseboro's request for leave and advised that she was disapproving Mr. Roseboro's requests for advance sick leave and leave without pay under FMLA because he failed to meet the prerequisite eligibility requirements. Ex. B:16-17. Ms. Landry noted that the Library's Medical Officer, Dr. Sandra Charles, determined that the information submitted by Mr. Roseboro in support of his requests does not meet the criteria of a condition to be covered under the FMLA regulations. Ex. B:17.

On April 2, 2004, the Library of Congress, through its Human Resources Director, Teresa Smith and Arlene F. Klauber, R.N., M.S. A.N.P., C., of the Library of Congress, Health Services Office, denied Plaintiff Roseboro's request for FMLA leave. Ex. B:10.

On April 29, 2004, Gail L. Thompson, M.A., L.P.C., Senior Therapist, wrote a memorandum to Arlene Klauber, advising that on March 8, 2004, Mr. Roseboro was admitted to a one-year, clinical, drug treatment program in Washington, D.C. Ex. B:19. Ms. Thompson indicated that the Substance Abuse and Mental Health Assessments generated the following diagnosis:

> Axis I: Cocaine Dependence (304.20) with Major Depression (296.3)
> Axis II: deferred 799.9
> Axis III: Coronary Artery disease (exacerbated by the Cocaine Addiction)
> Axis IV: Problems with primary support

5

      Axis V: GAF: Current: 51, GAF last year 35.

Ex. B:19.

      Mr. Roseboro remained in the drug treatment facility for nine months. Ex. A:17. Mr. Roseboro was issued a proposal to remove him from his position as Library Technician on July 6, 2004, and was terminated from employment with the Library of Congress on September 24, 2004. Ex. B:22-23.

## ARGUMENT

### Plaintiff Roseboro is entitled to Summary Judgment on his FMLA Claims

<u>Standard for Summary Judgment</u>

  Summary judgment[3] is appropriate when there is "no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "The inquiry performed is the threshold inquiry of determining whether there is a need for trial — whether, in other words, there are any genuine issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986). In considering a motion for summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. at 2513. At the same time, however, Rule 56 places a burden on the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the `depositions, answers to interrogatories, and admissions on file,' designate `specific facts showing that there is a genuine issue for trial.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986).

<u>Family and Medical Leave Act</u>

      The Family and Medical Leave Act, 29 U.S.C. Sec. 2601 et seq. and 29 C.F.R. 825 et seq., requires certain employers, including public employers, to

provide up to twelve weeks of unpaid family leave for the birth of a child, adoption or foster care or to care for a seriously ill family member and up to twelve weeks of unpaid medical leave to recover from a serious illness rendering the employee unable to work.

To be eligible for leave under FMLA, an employee must meet two criteria: (1) the employee must have been employed by the employer from whom leave is requested for at least 12 months from the date the leave commences; and (2) he or she must have provided the employer with at least 1250 "hours of service" during the previous 12-month period. 29 U.S.C. § 2611(2).

Under the FMLA, leave may be taken intermittently, in the case of a serious health condition, as defined in the Family and Medical Leave Act, including treatment for substance abuse.  29 C.F. R. Section 825.114 provides:

> (d) Substance abuse may be a serious health condition if the conditions of this section are met. However, FMLA leave may only be taken for treatment for substance abuse by a health care provider or by a provider of health care services on referral by a health care provider. . . .

The FMLA makes it illegal for an employer "to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right created by the respective statutes. 29 U.S.C. § 2615 (a)(1) (2000). It is "unlawful" for an employer to "discharge" or "discriminate" in any manner against any individual for opposing any practice made unlawful by the act. 29 U.S.C. § 2615 (a)(2) (2000).  Although the FMLA does not specifically prohibit retaliation against

7

employees for taking protected leave, the FMLA regulations prohibit employers "from discriminating against employees . . . who have used FMLA leave." 29 C.F.R. § 825.220 (c) (2003). Moreover, under the regulation, "employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions." *Id.* In deference to the regulations, a majority of the circuit courts of appeal have held that the FMLA protects employees from retaliation following an employee's use of protected family or medical leave. *See, e.g., Darby v. Bratch,* 287 F.3d 673, 679-80 (8th Cir. 2002); *Brungart v. Bellsouth Telecomm., Inc.,* 231 F.3d 791, 798 (11th Cir. 2000); *Chaffin v. John H. Carter Co.,* 179 F.3d 316, 319 (5th Cir. 1999); *King v. Preferred Technical Group,* 166 F.3d 887, 891-92 (7th Cir. 1999); *Williams v. Shenango, Inc.,* 986 F. Supp. 309, 321 (W.D. Pa. 1997);

      Here, it is undisputed that Plaintiff Roseboro was employed by the agency for at least 12 months from the date he began leave and had provided the employer 1250 hours of service during the previous twelve month period. Ex. A:2.  Plaintiff's doctor, Dr. Lowenkron, diagnosed Mr. Rosoboro's medical condition, certified that he suffered from a serious health condition and referred him to treatment at residential drug addiction center. Ex. B:3, 6-9.  The diagnosis, certification and referral were presented to the Library of Congress with the request for FMLA leave. Ex. B:10-13.  Plaintiff Roseboro was eligible for FMLA leave when he requested it in February and March 2004.  Ex. B:12.  Defendant denied the request for FMLA leave, even though Plaintiff's supervisor acknowledged he was entitled to it. Id.  The record contains correspondence from and to the Library of Congress Human Resource Services acknowledging receipt of Plaintiff's

8

Roseboro's request for FMLA leave, a statement from Plaintiff's Roseboro's supervisor requesting that he be approved for FMLA leave, and a letter from the Human Resources Director advising that Plaintiff Roseboro's request for FMLA leave would be denied, which was also signed by a nurse rather than the Library's medical director.  Ex. B:10-13.  Defendant interfered with Plaintiff Roseboro his right to take up to twelve weeks of leave under the FMLA, and retaliated against him for taking FMLA leave when it terminated his employment after he entered a residential drug addiction treatment facility.

The records contain a statement attributable to the Library's Medical Director that a determination was made that information submitted by Mr. Roseboro did not meet the criteria of a condition to be covered under the FMLA regulations.  This determination was in error.  The Library's FMLA policy provides that "If the Lobrary doubts the validity of the original certification, the Library may require, at its expense, a second opinion from a health care provider designated or approved by the agency."  Ex. C:6-7.  The Library failed to request or obtain a second opinion.  Mr. Roseboro's condition was covered under the FMLA and the Library was required to provide him FMLA leave.  See Fialho v. Girl Scouts of Milwaukee Area, Inc. , NO. 06-C-1218 (E.D. Wisc. April 30, 2007) (Unfamiliarity with proper FMLA procedures does not excuse FMLA violation).

The Library may argue that it did not receive sufficient notice of Plaintiff's request for FMLA leave.  This claim is contradicted by the record because the need for leave was not foreseeable because Mr. Roseboro sought medical attention after a near drug overdose.  The Agency's FMLA policy states that when the need for leave is unforeseeable, notice shall be given as soon as practicable.  Ex. C:6 of 9.  The record contains a transcription of a telephone call made by Mr. Roseboro to his supervisor, on

February 4 or 5, 2004, where he informs his supervisor that he had checked into a drug treatment facility. Ex. B:1. Shortly after this notice, Plaintiff Roseboro began requesting FMLA leave and submitted medical documentation and a certification from his doctor. Ex. B:10-13.

The Library is also likely to argue that it did not violate the FMLA because Mr. Roseboro requested more than twelve weeks of leave and all it was required to offer Mr. Roseboro was twelve weeks of leave. This argument fails because regardless of the amount of leave requested, the Library had an obligation to notify Mr. Roseboro of the amount of FMLA leave he was entitled to receive and grant Mr. Roseboro up to twelve weeks of leave under the FMLA and inform him that it was not obligated to offer leave beyond twelve weeks. The Library failed to do so.

The Library may claim that because Mr. Roseboro took leave which exceeded twelve weeks, it could have terminated Mr. Roseboro after twelve weeks of leave. This argument fails because the notice of removal specifically cited the taking of leave afgter denial of FMLA leave, as a basis for his termination. Moreover, this argument goes to damages, and possibility liability on the retaliation claim only, but not liability or damages on the interference claim.

There are two ways an employee can establish liability under FMLA. The FMLA prohibits interference with an employee's right to take FMLA and prohibits retaliation for taking FMLA leave. Mr. Roseboro has alleged that the Library interfered with his rights under the FMLA and retaliated against him for taking FMLA. If the Library argues that it could have terminated Mr. Roseboro after twelve weeks, this argument only goes to liability for retaliation. It does not address liability for interference with granting him his

10

right to take leave under the FMLA.  Even if the court finds that the Library could have terminated Mr. Roseboro after twelve weeks, the Library is still liable for an FMLA violation because it interfered with his right to take FMLA leave.  Thus, Mr. Roseboro would still be entitled to damages, including back pay, reinstatement and legal fees and costs.

## Conclusion

Plaintiff is entitled to summary judgment because Defendant interfered with his right to take FMLA leave and retaliated against him for taking FMLA leave.

Respectfully submitted,

/s/
David A. Branch #438764
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, N.W.
Suite 690
Washington, D.C.  20009
(202) 785-2805 phone
(202) 785-0289 fax

## Certificate of Service

I hereby certify this 3rd day of July 2006, that a copy of the foregoing Plaintiff's Motion for Summary Judgment was sent electronically to counsel for Defendant listed below:

Heather Graham-Oliver
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., NW
Washington, D.C. 20530

/s/
David A. Branch

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| SHELTON ROSEBORO )<br>)<br>**Plaintiff** )<br>)<br>vii. )<br>) 06cv0602<br>JAMES H. BILLINGTON, ) Judge Hogan<br> LIBRARIAN OF CONGRESS )<br> **Defendant.** )<br>_____) | |

**O R D E R**

Upon Consideration of Plaintiff's Motion for Summary Judgment, it is

ORDERED that the motion be and hereby is granted.

SO ORDERED.

_____

U.S. District Court Judge