UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| SHELTON ROSEBORO | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | )   06cv0602 |
| JAMES H. BILLINGTON, | )   Judge Hogan |
| LIBRARIAN OF CONGRESS | ) |
| Defendant. | ) |
| | ) |

**Plaintiff's Statement of Material Facts to Which There is No Genuine Dispute**

Comes now Plaintiff Shelton Roseboro, by and through counsel, pursuant to Federal Rule of Civil Procedure 56 and Local Rules 7 and 56.1, and submits this statement of material facts to which there is no genuine dispute.

1. Plaintiff Roseboro was employed as a GS-6 Library Technician in the Serials Processing section at the Library of Congress. Ex. A:1 (paragraph).

2. Roseboro began employment at the Library of Congress in 1989 and was terminated on September 24, 2004. Ex. A:1.

3. Plaintiff Roseboro was employed in a full time capacity at the Library of Congress in the year preceding February 2004 and worked in excess of 1250 hours. Ex.A:2.

4. Plaintiff Roseboro has a history of coronary artery disease, and a history of drug addiction. Ex. A:3; B:3.

5. On or about February 3, 2004, Mr. Roseboro suffered a relapse in his battle against the drug addiction and suffered a near drug overdose. Ex. A:4.

1

6. Mr. Roseboro sought treatment in a certified drug treatment facility at the Gospel Rescue Ministries in Washington, D.C. Id.

7. On or about February 4, 2004, Mr. Roseboro called his second level supervisor and advised her that he had checked himself into a drug treatment program at the Gospel Rescue Ministries in Washington, D.C. Ex. B: 1.

8. On February 11, 2004, the Assistant Program Director of Gospel Rescue Ministries sent a notice to the Library of Congress advising that Mr. Roseboro was a resident and would be residing at the Gospel Rescue Ministries in Washington, D.C. for twelve months. Ex.B:2.

9. On February 17, 2004, Mr. Roseboro's doctor, Dr. Jeff Lowenkron, MD, wrote a letter advising that Mr. Roseboro was under his care and he had a history of coronary artery disease and long term crack cocaine abuse. Ex. B:3. Dr. Lowenkron stated that Mr. Roseboro was entering a one year drug addiction program, which he supported, and that it was important that Mr. Roseboro focus on his drug addiction and return to work in one year drug free. Ex. B:3. This information was provided to the Library of Congress. Id.

10. On February 18, 2004, the Health Services Office of the Library of Congress through Arlene Klauber, acknowledged receipt of the medical documentation and that Mr. Roseboro had been under medical care since February 6, 2004. Ex. B:4.

11. On March 15, 2004, the Assistant Program Director of Gospel Rescue Ministries sent a notice to the Library of Congress advising that Mr. Roseboro was a resident and would be residing at the Gospel Rescue Ministries in Washington, D.C. for twelve months. Ex. B:5.

12. On March 17, 2004, Dr. Lowenkron completed and submitted on behalf of Mr. Roseboro, a Certification of Health Care Provider, which was acknowledged as received by Ms. Klauber on March 22, 2004. Ex. B:6-9.

13. On March 22, 2004, Mr. Roseboro, submitted a Request for Sick Leave Advance to the Library of Congress. Ex. B:10. In the Request for Advance Sick Leave, Mr. Roseboro invoked entitlement under the Family Medical Leave Act (FMLA). Id.

14. On March 24, 2004, Maureen Landry, Chief Serial Record Division prepared a memorandum to the Director of Human Resources, Teresa Smith. Ex. B:12-13. In this memorandum, Ms. Landry noted that Mr. Roseboro requested to be excused from February 3, 2004 through November 8, 2004, and sought advanced sick leave from March 22, 2004 through May 3, 2004, and leave of absence from February 3, 2004 – March 19, 2004 and May 4, 2004-November 8, 2004. 202 hours stated, "I am prepared to allow him the twelve (12) weeks of leave to which he is entitled under FMLA as LWOP. I am not willing to either grant him 202 of advance sick leave, nor excuse him from duty nine (9) months. Id.

15. On March 31, 2004, the Director of Human Resources responded to Ms. Landry concerning Mr. Roseboro's request for leave and advised that she was disapproving Mr. Roseboro's requests for advance sick leave and leave without pay uder FMLA because he failed to meet the prerequisite eligibility requirements. Ex. B:16-17. Ms. Landry noted that the Library's Medical Officer, Dr. Sandra Charles, determined that the information submitted by Mr. Roseboro in support of his requests does not meet the criteria of a condition to be covered under the FMLA regulations. Ex. B:17.

16.     On April 2, 2004, the Library of Congress, through its Human Resources Director, Teresa Smith and Arlene F. Klauber, R.N., M.S. A.N.P., C., of the Library of Congress, Health Services Office, denied Plaintiff Roseboro's request for FMLA leave. Ex. B:10.

17.     On April 29, 2004, Gail L. Thompson, M.A., L.P.C., Senior Therapist, wrote a memorandum to Arlene Klauber, advising that on March 8, 2004, Mr. Roseboro was admitted to a one-year, clinical, drug treatment program in Washington, D.C.  Ex. B:19. Ms. Thompson indicated that the Substance Abuse and Mental Health Assessments generated the following diagnosis:

> Axis I: Cocaine Dependence (304.20) with Major Depression (296.3)
> Axis II: deferred 799.9
> Axis III: Coronary Artery disease (exacerbated by the Cocaine Addiction)
> Axis IV: Problems with primary support
> Axis V: GAF: Current: 51, GAF last year 35.

Ex. B:16.

18.     Mr. Roseboro remained in the drug treatment facility for nine months. Ex. A: 17. Mr. Roseboro was issued a proposal to remove him from his position as Library Technician on July 6, 2004, and was terminated from employment with the Library of Congress on September 24, 2004. Id.