UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| SHELTON ROSEBORO )<br> )<br>           Plaintiff  )<br> )<br>       v.          )<br> )<br>JAMES H. BILLINGTON,  )<br> LIBRARIAN OF CONGRESS  )<br>           Defendant.  )<br>_____ ) | 06cv0602<br>Judge Roberts |

**Sworn Declaration of Shelton Roseboro**

I, Shelton Roseboro, the Plaintiff in this matter, hereby make the following declaration pursuant to the provisions of 28 U.S.C. Sec. 1746. I understand that this declaration is the equivalent of an affidavit. The statements contained herein are based on my personal knowledge.

1. I was employed as a GS-6 Library Technician in the Serials Processing section at the Library of Congress in Washington, DC from 1989 until September 27, 2004.

2. In the year preceding February 2004, I was employed in a full time capacity at the Library of Congress and worked in excess of 1250 hours.

3. I have been diagnosed with coronary artery disease, and over the years I have struggled with drug addiction.

4. In February 2004, I suffered a relapse in my drug addiction/medical condition and suffered what I believed to be a near drug overdose. It became necessary for me to obtain immediate treatment in a substance abuse facility. On or about February 3, 2004, I checked into the Gospel Rescue Ministries residential drug treatment program in

1

Washington, D.C. The facility followed a twelve step drug addiction program, with regular drug/urine testing.

5.      Shortly after I checked into the facility, I notified my supervisors of my drug addiction/problem and later submitted a request to the Library of Congress for a leave of absence and use of FMLA leave to enter the substance abuse program.

5.      I included with this request a referral from my treating physician, Dr. Jeff Lowenkron, MD.

6.      On February 18, 2004, Arlene F. Klauber, R.N., M.S. A.N.P., C., of the Library of Congress, Health Services Office, sent a memorandum to Gary Bush, advising that "The Health Services Office has received medical documentation that indicates that Mr. Roseboro has been under medical care since February 6, 2004 and will continue under the care of his physician for a 12 month period of time in which he is requesting leave from work."

7.      On March 17, 2004, Dr. Lowenkron completed and submitted a Certification of Health Care Provider to the Library of Congress on behalf of me as required by the FMLA.

8.      The Library of Congress was aware that I was entitled to FMLA leave.

9.      On March 22, 2004, I submitted a request for advance sick leave, invoking entitlement under the FMLA, indicating a request for advance sick leave from March 22, 2004 through May 3, 2004, and a total period of absence on account of disability or ailment from February 3, 2004 through November 8, 2004.

10.     On March 24, 2004, Maureen Landry, Chief Serial Record Division, wrote a memorandum to Teresa Smith, Director, Human Resources, responding to my request for

FMLA leave, and indicated "I am prepared to allow him the twelve (12) weeks of leave to which he is entitled under FMLA as LWOP."

11.    On March 24, 2004, Arlene F. Klauber, R.N., M.S. A.N.P., C., of the Library of Congress, Health Services Office, sent a memorandum to Allen Hatcher, advising that "The Health Services Office has received documentation offered in support of FMLA. After review of the documentation and the appropriate LCR, I find that the documentation does not support the request."

12.    I was not advised by the Library of Congress how my medical certification and documentation submitted in support of the request for FMLA leave did not support the request.

13.    On March 31, 2004, Teresa Smith, Director, Human Resources Services for the Library of Congress, wrote a memorandum to Maureen Landry, Chief Serial Record Division, responding to my request for leave under the Library of Congress' Family and Medical Leave Act (FMLA). Smith indicated that a determination was made by the Library's Medical Officer, Dr. Sandra M. Charles, that the information submitted by me, in support of my requests, does not meet the criteria of a condition to be covered under either the sick leave or FMLA regulations.

14.    Once again, I was not told to submit additional information and I was not told how the information I submitted did not meet the criteria of a condition to be covered under FMLA regulations.

15.    On April 2, 2004, the Library of Congress, through its Human Resources Director, Teresa Smith and Arlene F. Klauber, R.N., M.S. A.N.P., C., of the Library of Congress, Health Services Office, denied my request for FMLA leave.

3

16.	On April 29, 2004, Gail L. Thompson, M.A., L.P.C., Senior Therapist, wrote a memorandum to Arlene Klauber, advising that on March 8, 2004, I was admitted to a one-year, clinical, drug treatment program in Washington, D.C.  Ms. Thompson indicated that the Substance Abuse and Mental Health Assessments generated the following diagnosis:

> Axis I: Cocaine Dependence (304.20) with Major Depression (296.3)
> Axis II: deferred 799.9
> Axis III: Coronary Artery disease (exacerbated by the Cocaine Addiction)
> Axis IV: Problems with primary support
> Axis V: GAF: Current: 51, GAF last year 35.

17.	I remained in the drug treatment facility for nine months and was terminated from employment with the Library of Congress in September 2004.

Further declarant saith not.

5

I hereby certify under penalty of perjury that the statements included in this sworn declaration are true and correct.

/s/

_____

Shelton Roseboro                                   Date