This is a transcribed audix message from Shelton Roseboro to Maureen Landry on either February 4th or 5th, 2004.

Maureen this is Shelton. I wanted to call and let you know where I was at. I started leaving a message but it was kind of long but I'm just going to cut through [to sic] the chase. The reason why I have not been in is because I started a program to get to the bottom of what I was going through and that entailed using drugs so I just wanted to call and let you know I'm at this place in DC called the Gospel Rescue Ministry and the assistance program director told me to call. He gave me permission to you and let you know his number is (202) 842-1731 ext. 103 and his name is Carlton White I will see if I can get back in contact with you as soon as possible but that will be his number. He is in class now so he wasn't able to come up with me but I appreciate you God bless you I love you I thank God for Gary and everyone else in there so tell them I'm alright. I just have to take care of something personal in my life okay God bless bye.



# Gospel Rescue Ministries
*of Washington, DC*

Date 2-11-04

**To Whom It May Concern:**

Sheldon Roseboro is a resident of the Transforming Lives Ministry. He will be residing at Gospel Rescue Ministries for the next 12 months. I would appreciate it if you will assist him in the items that are necessary for him.

I would like to thank you in advance, and if I can assist you in any other way, please feel free to call me.

Thanks,

Carlton White
Carlton White
Asst. Program Director
Transforming Live Ministry

810 5th Street, N.W. • Washington, DC 20001 • Tel: (202)842-1731 • Fax: (202)898-0285
*www.grm.org • director@grm.org*

KAISER PERMANENTE

Mid-Atlantic Permanente Medical Group, P.C.
Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.

February 17, 2004

To whom it may concern:

Mr. Shelton Roseboro is currently under my care. He has a history of coronary artery disease and long-term crack cocaine abuse. He is planning on entering a one-year program to regain control of his life. I support this goal.

He had cardiac catheterization in March 2002 with non-critical blockage in lad system with septal hypokinesis on sestamibi with ejection fraction 58%. There was a question of coronary artery spasm which, in retrospect, may be related to crack use.

He was instructed to restart tenormin 25 mg 1 per day to protect his heart, pravastatin 10 mg 1 at bedtime to lower his cholesterol and nitroglycerin 0.4 mg 1 sublingual as needed for chest pain may repeat every 5 minutes. If persists after 3 tablets needs to go to emergency room. He is to continue taking aspirin as he was. He was instructed to stop smoking as well. He is need of lab work that he will obtain fasting tomorrow morning.

It is important that he focus on his drug addiction to be able to return to work in one year drug-free. Thank you for your consideration.

Sincerely,

Jeff Lowenkron M.D.
Kaiser Permanente

 ed States Government

# Memorandum

**Library of Congress**
***Health Services Office***

| | |
|---|---|
| To: | **Gary Bush** |
| | **LS/ACQ/SRD (4160)** |
| From: | **Arlene F. Klauber, R.N., M.S., A.N.P., C.** 2/18/04 |
| Date: | **February 18, 2004** |
| Subject: | **Duty Status-Shelton Roseboro** |

The Health Services Office has received medical documentation that indicates that Mr. Roseboro has been under medical care since February 6, 2004 and will continue under the care of his physician for a 12 month period of time in which he is requesting extended leave from work. He has also been referred to Employee Assistance for follow-up. If you have any questions, call me at 7-8035.



# Gospel Rescue Ministries

*of Washington, DC*

Date 3-15-04

**To Whom It May Concern:**

Shelton Rosoboro is a resident of the Transforming Lives Ministry. He will be residing at Gospel Rescue Ministries for the next 12 months. I would appreciate it if you will assist him in the items that are necessary for him.

I would like to thank you in advance, and if I can assist you in any other way, please feel free to call me.

Thanks,

Carlton White

Carlton White
Asst. Program Director
Transforming Live Ministry

3/1-/04

810 5th Street, N.W. • Washington, DC 20001 • Tel: (202)842-1731 • Fax: (202)898-0285

Certification of Health Care Provider
(Family and Medical Leave Act of 1993)

**U.S. Department of Labor**
Employment Standards Administration
Wage and Hour Division

(When completed, this form goes to the employee, **Not to the Department of Labor**.)

OMB No.: 1215-0181
Expires: 07/31/04

1. Employee's Name
[handwritten, illegible]

2. Patient's Name *(If different from employee)*

3. Page 4 describes what is meant by a **"serious health condition"** under the Family and Medical Leave Act. Does the patient's condition[1] qualify under any of the categories described? If so, please check the applicable category.

(1) ______ (2) ______ (3) ______ (4) ______ (5) X (6) ______, or None of the above ______

4. Describe the **medical facts** which support your certification, including a brief statement as to how the medical facts meet the criteria of one of these categories:

[handwritten, illegible]

5. a. State the approximate **date** the condition commenced, and the probable duration of the condition (and also the probable duration of the patient's present **incapacity**[2] if different):

3/1/04 [handwritten]

b. Will it be necessary for the employee to take work only **intermittently or to work on a less than full schedule** as a result of the condition (including for treatment described in Item 6 below)?

Yes [handwritten]

If yes, give the probable duration: [handwritten, illegible]

c. If the condition is a **chronic condition** (condition #4) or **pregnancy**, state whether the patient is presently incapacitated[2] and the likely duration and frequency of **episodes of incapacity**[2]:

[1] Here and elsewhere on this form, the information sought relates only to the condition for which the employee is taking FMLA leave.

[2] "Incapacity," for purposes of FMLA, is defined to mean inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom.

If additional **treatments** will be required for the condition, provide an estimate of the probable number of such treatments.

If the patient will be absent from work or other daily activities because of **treatment** on an **intermittent** or **part-time** basis, also provide an estimate of the probable number of and interval between such treatments, actual or estimated dates of treatment if known, and period required for recovery if any:

If any of these treatments will be provided by **another provider of health services** (e.g., physical therapist), please state the nature of the treatments:

If a **regimen of continuing treatment** by the patient is required under your supervision, provide a general description of such regimen (*e.g.*, prescription drugs, physical therapy requiring special equipment):

If medical leave is required for the employee's **absence from work** because of the **employee's own condition** (including absences due to pregnancy or a chronic condition), is the employee **unable to perform work** of any kind?

If able to perform some work, is the employee **unable to perform any one or more of the essential functions of the employee's job** (the employee or the employer should supply you with information about the essential job functions)? If yes, please list the essential functions the employee is unable to perform:

If neither a nor b applies, is it necessary for the employee to be **absent from work** for treatment?

 [illegible] leave is required to **care for a family member** of the employee with a serious health condition, **does the patient require assistance** for basic medical or personal needs or safety, or for transportation?

[illegible handwriting]

[illegible] would the employee's presence to provide **psychological comfort** be beneficial to the patient or assist in the patient's recovery?

[illegible] the patient will need care only **intermittently** or on a part-time basis, please indicate the probable **duration** of this need:

[handwritten signature] MD

Signature of Health Care Provider

[illegible handwriting]

Type of Practice

[illegible handwriting]

Address

[illegible handwriting]

Telephone Number

[illegible handwriting]

Date

**To be completed by the employee needing family leave to care for a family member:**

State the care you will provide and an estimate of the period during which care will be provided, including a schedule if leave is to be taken intermittently or if it will be necessary for you to work less than a full schedule:

Employee Signature

Date

"**Serious Health Condition**" means an illness, injury impairment, or physical or mental condition that involves one of the following:

1. Hospital Care

**Inpatient care** (*i.e.*, an overnight stay) in a hospital, hospice, or residential medical care facility, including any period of incapacity[2] or subsequent treatment in connection with or consequent to such inpatient care.

2. Absence Plus Treatment

a. A period of incapacity[2] of **more than three consecutive calendar days** (including any subsequent treatment or period of incapacity[2] relating to the same condition), that also involves:

   1. **Treatment**[3] **two or more times** by a health care provider, by a nurse or physician's assistant under direct supervision of a health care provider, or by a provider of health care services (*e.g.*, physical therapist) under orders of, or on referral by, a health care provider; or

   2. **Treatment** by a health care provider on **at least one occasion** which results in a **regimen of continuing treatment**[4] under the supervision of the health care provider.

3. Pregnancy

Any period of incapacity due to **pregnancy**, or for **prenatal care**.

4. Chronic Conditions Requiring Treatments

A **chronic condition** which:

   1. Requires **periodic visits** for treatment by a health care provider, or by a nurse or physician's assistant under direct supervision of a health care provider;

   2. Continues over an **extended period of time** (including recurring episodes of a single underlying condition); and

   3. May cause **episodic** rather than a continuing period of incapacity[2] (*e.g.*, asthma, diabetes, epilepsy, etc.).

5. Permanent/Long-term Conditions Requiring Supervision

A period of **Incapacity**[2] which is **permanent or long-term** due to a condition for which treatment may not be effective. The employee or family member must be **under the continuing supervision of, but need not be receiving active treatment by, a health care provider.** Examples include Alzheimer's, a severe stroke, or the terminal stages of a disease.

6. Multiple Treatments (Non-Chronic Conditions)

Any period of absence to receive **multiple treatments** (including any period of recovery therefrom) by a health care provider or by a provider of health care services under orders of, or on referral by, a health care provider, either for **restorative surgery** after an accident or other injury, **or** for a condition that **would likely result in a period of Incapacity**[2] **of more than three consecutive calendar days in the absence of medical intervention or treatment**, such as cancer (chemotherapy, radiation, etc.), severe arthritis (physical therapy), and kidney disease (dialysis).

*This optional form may be used by employees to satisfy a mandatory requirement to furnish a medical certification (when requested) from a health care provider, including second or third opinions and recertification (29 CFR 825.306).*

*Note: Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.*

---

[3] Treatment includes examinations to determine if a serious health condition exists and evaluations of the condition. Treatment does not include routine physical examinations, eye examinations, or dental examinations.

[4] A regimen of continuing treatment includes, for example, a course of prescription medication (e.g., an antibiotic) or therapy requiring special equipment to resolve or alleviate the health condition. A regimen of treatment does not include the taking of over-the-counter medications such as aspirin, antihistamines, or salves; or bed-rest, drinking fluids, exercise, and other similar activities that can be initiated without a visit to a health care provider.

---

**Public Burden Statement**

We estimate that it will take an average of 20 minutes to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, Department of Labor, Room S-3502, 200 Constitution Avenue, N.W., Washington, D.C. 20210.

***DO NOT SEND THE COMPLETED FORM TO THIS OFFICE; IT GOES TO THE EMPLOYEE.***

Library of Congress

**REQUEST FOR ADVANCE SICK LEAVE**

All requests for advance sick leave shall be accompanied by a certificate from a licensed physician. If the physician or a staff member prefers, he/she may furnish the certificate directly to the Health Services Office, LM G40. For additional information refer to LCR 2015-5.

Section A to be completed by Employee. Section B to be certified by Division chief. Section C to be completed by Health Services and the Human Resources Directorate.

**A. TO BE COMPLETED BY EMPLOYEE**

Name (last, first, middle): ROSEBORO, SHELTON R. E.

Social Security Number: 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

Request for advance sick leave:

From MARCH 22, 2004 To MAY 3, 2004 Total Hours 202

The total period of absence on account of disability or ailment was/will be

From February 3, 2004 To NOVember 8, 2004

I am invoking entitlement under: ☑ FMLA ☐ FEFFLA

A certificate from a licensed physician is ☐ Attached; Will be ☑ Sent to Health Services Office.

This SL will be used for (check one): ☑ myself for medical reasons ☐ myself for bereavement purpose ☐ family member care

☐ Yes ☑ No I have used SL for family member care/bereavement purposes (circle one) this leave year. If yes, indicate the number of hours used ______ and attach Federal Employees Family Friendly Leave Record, form 1576.

☐ Yes ☑ No I have or expect to submit a claim to the Office of Worker's Compensation Programs (work related illness or injury) for all or a portion of the dates indicated on this advance SL request.

☐ Yes ☑ No I have, expect, or plan to exercise an option to retire on disability or otherwise before I can repay the advance SL requested.

**If approved, I understand that in the event the entire amount of advance sick leave is not liquidated prior to separation from Federal Service, it will be liquidated in the following order: 1) Charged against annual leave; 2) Set off against earned salary; or 3) Set off against retirement fund.**

[signature] — *Employee's Signature*
SERIAL RECORD DIV. — *Division*
3/22/04 — *Date*

**B. TO BE COMPLETED BY DIVISION**

☑ Yes ☐ No Staff member has been warned in writing recently concerning his/her apparent abuse of sick leave.

☑ Yes ☐ No There is an adverse action proposal pending against the staff member.

☑ Yes ☐ No To the best of my knowledge, the staff member's condition precludes a reasonable expectation that he/she will return to duty.

☐ Yes ☑ No The staff member is expected to exercise an option to retire on disability or otherwise.

☐ Yes ☑ No The staff member is expected to be separated.

☐ Yes ☑ No The staff member is expected to resign.

☐ Yes ☑ No The staff member's appointment will expire before he/she will earn enough leave to repay the amount of advance SL requested.

Staff member currently has a SL balance of 0 hours. RECOMMEND ☐ APPROVAL ☒ DISAPPROVAL (state reason)

See attach'd

MAUREEN LANDRY — *Division chief's name (typed)*
[signature] — *Division chief's signature*
3/24/04 — *Date*

**C. TO BE COMPLETED BY HEALTH SERVICES AND THE HUMAN RESOURCES DIRECTORATE**

Health Services ☐ Yes ☑ No The staff member's condition precludes a reasonable expectation that he/she will return to duty.

Recommended ☐ Approval ☑ Disapproval (reason) Arlene F. Klauber RN, MS, AHC — *(Signature)* 4/2/04 — *(Date)*

Documentation presented to support request is not from medical source

Director for Human Resources

☐ Approval ☑ Disapproval (reason) [signature] — *(Signature)* 4-6-04 — *(Date)*

Library of Congress

**FMLA LEAVE REQUEST APPROVAL/DISAPPROVAL**

(LCR 2015-21)

| Name of Employee | LC Position Title | Position Location (Service Unit, Division) |
|---|---|---|
| [handwritten: Melvin Roseboro] | [handwritten: Processing Technician] | [handwritten: Lib Serv. / Acq. ...] |

Purpose of FMLA Leave Request

[X] a. Your Serious Health Condition

[ ] b. Care for: [ ] Spouse [ ] Son/Daughter [ ] Parent

[ ] c. Adoption/Foster Care Proceedings

| Date Employee Requested FMLA Leave | Leave Beginning Date | Leave Beginning Date | Total Hours to be Used |
|---|---|---|---|
| | | | |

Except as explained below, you have a right under the Family and Medical Leave Act (FMLA) for up to 12 weeks of unpaid leave, or paid leave (i.e. annual, sick, etc.) in a 12-month period for the reasons listed above. Your health benefits will be maintained during any period of unpaid leave under the same conditions as if you continued to work, and you must be reinstated to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment on your return from leave.

| YES | NO | N/A | This is to inform you that: |
|---|---|---|---|
| ✓ | | | 1. You are eligible for leave under the FMLA. *(See LCR 2015-21, Section 3D)* |
| | | | 2. The requested leave will be counted against your annual FMLA leave entitlement. |
| | | | 3.* You will be required to submit to the Health Services Office a Certification of Health Care Provider (form 1562) for the patient. If yes, form 1562 shall be submitted to the Health Services Office in a timely manner, prior to the beginning of the leave on ________ (date). In the absence of the submission of form LW 1562, the Library will grant leave on a provisional basis. *(See LCR 2015-21, Section 6B)* |
| | | ✓ | 4. You will be required to submit proof of Adoption/Foster Care Proceedings. |
| | | ✓ | 5. You currently pay your health insurance premiums. If yes, arrangements for continued payment need to be discussed with the Pay and Personal Information Office in room LM 645. You can arrange to pay the health care premiums: a) during your absence; b) in a lump sum upon your return; or c) by payroll deduction upon your return. |
| | | | 6.* **You will be required to present a fitness-for-duty certification prior to being restored to employment.** *(See LCR 2015-21, Section 8)* |
| | | | 7.* While on leave you will be required to furnish periodic reports. If yes, periodic reports to your status must be furnished to the Health Services Office every: ________ |
| | | ✓ | 8. If you wish to return to work earlier than the date indicated above, you will be required to notify us at least two work days prior to your intended return date. |
| | | | 9.* The Health Services Office has determined that you will be required to furnish recertification relating to the Serious Health Condition. If yes, state the interval between certifications: ________ |

| Name of Authorized Official | Title of Authorized Official |
|---|---|
| | |

| Signature of Authorized Official | Date |
|---|---|
| | |

11

*Consult Health Services Office for responses to Nos. 3, 6, 7, and 9.

LCR 1997 ...

**[UN]ITED STATES GOVERNMENT**

***[ME]MORANDUM***

**LIBRARY OF CONGRESS**

**DATE**: March 24, 2004

[TO] : Teresa Smith, Director for Human Resources

[FROM] : Maureen Landry, Chief
Serial Record Division

[SUBJECT] : Shelton Roseboro's request for advanced sick leave and leave of absence

Please find attached two requests from Shelton Roseboro for leave under [FMLA]. He is requesting excuse for the period February 3, 2004-November 8, 2004 as follows: 202 [hours of] advance sick leave March 22, 2004-May 3, 2004 AND leave of absence for the other [periods of] February 3, 2004-March 19, 2004 and May 4, 2004-November 8, 2004.

I am prepared to allow him the twelve (12) weeks of leave to which he is [entitled] under FMLA as LWOP. I am not willing to either grant him 202 hours of advance sick [leave, nor] excuse him from duty nine (9) months. My reasons follow:

Mr. Roseboro had several instances of AWOL prior to February 3, 2004 and [was counseled] by his supervisor and me on proper leave practices. He has been continually absent [from work] since February 3, 2004 and the division did not hear from him until February 9, 2004. [When he] called February 9, 2004, his supervisor advised him to return to work or request leave via [the proper] channels. A follow up letter outlining these requirements was sent to him. He did not [report for duty]. He neither contacted his supervisor nor me to request leave approval [nor reported [for duty] until March 22, 2004. Due to his absences and failure to properly request leave, he was [sent] a proposal of adverse action for ten days suspension in late February 2004.

Given Mr Roseboro's cavalier attitude towards any commitment to his job, [I am not convinced] he will return to duty in November 2004 nor be able to repay advance sick leave. [Twelve] weeks LWOP provides sufficient time for Mr. Roseboro to receive the medical attention he [needs].

H

[United] States Government

# Memorandum

**Library of Congress**
***Health Services Office***

To: **Allen Hatcher**
**HRS/WFA (2700)**
From: **Arlene F. Klauber, R.N., M.S., A.N.P., C.** afk 3/24/04
Date: **March 24, 2004**
Subject: **FMLA-Shelton Roseboro**

The Health Services Office has received documentation offered in support of FMLA. After review of the documentation and the appropriate LCR, I find that the documentation does not support the request. If you have any questions, call me at 7-8035.

cc: Maureen Landry LS/ACQ/SRD (4160)

# UNITED STATES GOVERNMENT

## *MEMORANDUM*

**LIBRARY OF CONGRESS**

**DATE**: March 24, 2004

TO : Shelton Roseboro

FROM : Maureen Landry, Chief
Serial Record Division

SUBJECT : Re: copy of NPAA

You visited me in the division office mid-day March 22, 2004 to present requests for leave of absence and advance sick leave. At that time I informed you that Gary Bush had sent you a letter advising you to return to work and that I had sent you by mail a proposal for adverse action for suspension for your failure to report to work nor properly request leave. You indicated you had not received either of those documents. The division's administrative officer prepared copies of each of these documents and presented them to you.

9

UNITED STATES GOVERNMENT

# Memorandum

LIBRARY OF CONGRESS
*Office of Director for Human Resources Services*

DATE: March31, 2004

TO : Maureen Landry
Chief, Serial Record Division

FROM : Teresa A. Smith
Director, Human Resources Services

SUBJECT : Shelton Roseboro - Requests for Advance Sick Leave and Leave Without Pay

This is in response to your memorandum, dated March 24, 2004, concerning the requests submitted by Mr. Shelton Roseboro, Library Technician (Serials Processing Technician), under the Library's Family Medical and Leave Act (FMLA), for 202 hours advance sick leave and extended Leave Without Pay (LWOP).

In accordance with LCR 2015-5, Sick Leave, I have considered the following in determining if Mr. Roseboro's request for advance sick leave should be granted:

1. whether the staff member's leave record reflects an abuse of sick leave privileges;

2. whether there is any adverse administrative action pending against the employee;

3. whether it is reasonably expected that the staff member will return to duty;

4. whether the staff member is expected to retire, to be separated, or to resign before any advanced sick leave is repaid.

I also considered the Library's FMLA regulation, LCR 2015-21, which states that the employee is responsible for substantiating eligibility for FMLA leave by providing documentation to the Health Service Office for the specific purpose of the request.

It is my decision to disapprove Mr. Roseboro's requests for advance sick leave and leave without pay under FMLA because he has failed to meet the prerequisite eligibility requirements. In reaching my decision, I considered Mr. Roseboro's leave abuse history, as outlined in your March 24, 2004, memorandum. I also considered the current Notice of Proposed Adverse Action, dated March 1, 2004, in which you are proposing Mr. Roseboro's suspension for 10 workdays for reasons of misconduct, specifically, his failure to adhere to supervisory instructions (concerning proper procedures for requesting leave) in violation of LCR 2023-1, and charges of Absence Without Official Leave (AWOL), in violation of LCR 2015-14.

Further consideration was given to the determination made by the Library's Medical Officer, Dr. Sandra M. Charles, that the information submitted by Mr. Roseboro, in support of his requests, does not meet the criteria of a condition to be covered under either the advance sick leave or FMLA regulations.

My disapproval is noted on the attached requests from Mr. Roseboro. If there are any questions concerning this matter, please contact Linda Knight, Senior Employee Relations Specialist, Office of Workforce Management, HRS, on extension 7-6966.

Attachments

cc:
Dr. Sandra Charles, HSO
Shelton Roseboro, SRD
Linda Knight, WKM/ER Team

The Library of Congress
HEALTH SERVICES OFFICE
Washington, D.C., 20540

# CONSENT FOR RELEASE OF PATIENT INFORMATION

| Name of the physician or program making the disclosure | Name or title of the person or organization to which disclosure is made |
| --- | --- |
| Library of Congress Health Service Office Washington, DC 20540 | Sharon Rosebord |

Purpose or need for the disclosure wants a copy of all the administrative and personal records

Extent or nature of information to be disclosed all administrative medical

Unless revoked in writing, this consent form will remain in effect until 4/30/04.

(Date)

WITNESS:

Signature

Date

Signature of patient

Date

Signature of other person legally responsible for patient

Date

White- Physician or Program; Yellow- Health Services Office

GRM Gospel Rescue Ministries of Washington, D.C., Inc.

Date: April 29, 2004

To: Arlene F. Klauber, R.N., M.S., ANPC

From: Gail L. Thompson, M.A., L.P.C. (D.C. License No.: PRC13671)
Senior Therapist, Transforming Lives Ministry

Subject: Shelton Roseboro – Requests for Advance Sick Leave and Leave Without Pay

Dates requested for Advanced Sick Leave: May 3, - June 4, 2004 (200 hours)

On March 8, 2004 Mr. Roseboro was admitted to Transforming Lives Ministry (TLM,) which is Gospel Rescue Ministries' (GRM) one-year, clinical, drug treatment program in Washington, D.C. Substance Abuse and Mental Health assessments generated the following diagnosis:

Axis I: Cocaine Dependence (304.20) with Major Depression (296.3)
Axis II: deferred 799.9
Axis III: Coronary Artery disease (exacerbated by the Cocaine Addiction)
Axis IV: Problems with primary support
Axis V: GAF: current: 51, GAF last year: 35

Mr. Roseboro's Cocaine addiction has been unmanageable for many years, resulting in increased tolerance, a persistent desire, multiple unsuccessful attempts at sobriety and social isolation. His drug use and underlying depression and anxiety resulted in significant disruption in his work performance, missed workdays and the loss of his residence.

Mr. Roseboro's two decades of drug dependence recommended this comprehensive, one-year clinical program.

Mr. Roseboro has demonstrated high compliance to the program demands/treatment plan, remaining focused on his goal of continued sobriety.

Please feel free to contact this therapist or TLM's Clinical Director, Walter R. Perry, CAC, CAS, with further inquiries. Thank you for consideration of this matter.

[signature]
Gail L. Thompson, L.P.C.

4-29-2004
Date

... 5th Street, NW • Washington, DC 20001 • Tel: (202)-842-1731 x 227 • fax: (202)898-0285
director@grm.org • www.grm.org •

THE LIBRARY OF CONGRESS
101 INDEPENDENCE AVENUE, S.E.
WASHINGTON, D.C. 20540-4000

OFFICE OF THE ASSOCIATE LIBRARIAN
FOR LIBRARY SERVICES

June 2, 2004

Dear Mr. Roseboro:

On March 1, 2004, Maureen Landry, Chief, Serial Record Division, gave you a Notice of Proposed Adverse Action in accordance with LCR 2020-3. The Notice advised you of a proposal to suspend you from duty (without pay) for a period of ten (10) workdays for reasons of misconduct in violation of LCR 2015-14, Absence Without Official Leave (AWOL). The notice also advised you of your right to representation and your right to reply to Mr. John Celli, Chief, Cataloging in Publication Division, as reply officer.

In his report, Mr. Celli stated that although he attempted to schedule a meeting with you, you did not reply orally nor did you submit a written reply or any other documents to explain your position. Mr. Celli also stated that he concurred with the proposed adverse action.

I have carefully reviewed the entire record in this matter, including the proposal with its attachments and the report of the reply officer. On the basis of this review, I find that the evidence fully supports that an adverse action is warranted and appropriate. Your AWOL charges have continued despite repeated supervisory counseling and clear notice that AWOL charges could result in disciplinary action. You have continued to have attendance problems and you have not reported to work during the period of time since you received the Notice of Proposed Adverse Action.

It is my decision that you be suspended from duty (without pay) for ten (10) workdays, effective June 21, 2004 through the close of business July 2, 2004.

In accordance with Article XXXIV, Section 4 of the Collective Bargaining Agreement with AFSCME Local 2477, you may file an appeal of this action under LCR 2020-3, or a grievance under the Collective Bargaining Agreement, but not both.

Under the terms of LCR 2020-3, you are entitled to (1) appeal this action with [illegible] freedom from any restraint, interference, intimidation, coercion, discrimination, and or [illegible] (2) have a hearing before a hearing officer; and (3) be accompanied, represented, and or [illegible] by a representative, if you so desire.

If you appeal this action, your appeal must be in writing and must be filed with the Office of Workforce Management, within fifteen (15) workdays of receipt of this letter and shall set forth clearly the basis for appeal and request for hearing. Form 124 "Notice of Appeal and Request for Hearing", has been enclosed for this purpose. If you appeal this action, you will be granted a reasonable amount of official time to present your appeal. This action, however, will not be stayed pending an appeal. Additional information on how to pursue your appeal may be obtained from the Employee Relations Team, HRS/Office of Workforce Management.

If you elect to file a grievance, your grievance must be filed at Step 2 with my office in accordance with Article XXIV, Section 13 of the Collective Bargaining Agreement of AFSCME Local 2477, within ten (10) workdays of your receipt of this notice. Consult with your union steward and/or the Collective Bargaining Agreement (contract) for additional information on how to pursue your grievance.

Sincerely,

Deanna Marcum

Deanna Marcum
Associate Librarian
for Library Services

Enclosure

Mr. Shelton Roseboro
[illegible] 29th St., SE
Apt. [illegible]
Washington, D.C. 20020-3170

**REGISTERED MAIL**
**RETURN RECEIPT REQUESTED**

cc: Nancy Davenport, Director of Acquisitions
Maureen Landry, Chief, Serial Record Division
John Celli, Chief, Cataloging in Publication Division
Human Resources Services/WRKMGMT ERT
Human Resources Services/WLSC (w/ PAR)
Shelton Roseboro, via Regular Mail

THE LIBRARY OF CONGRE

101 INDEPENDENCE AVENUE, S.E.
WASHINGTON, D.C. 20540-4000

OFFICE OF THE ASSOCIATE LIBRARIAN
FOR LIBRARY SERVICES

September 13, 2004

Dear ... Roseboro:

On July 6, 2004, Maureen Landry, Chief, Serial Record Division prepared and mailed to you by regular and certified mail, a Notice of Proposed Adverse Action in accordance with LCR ... The Notice advised you of a proposal to remove you from your position as Library Technician, GS-1411-6, for reasons of misconduct in violation of LCR 2015-14, Absence Without Official Leave (AWOL), and failure to adhere to supervisory instructions in violation of LCR 2023-1, Personal Conduct and Personal Activities. The notice also advised you of your right to representation and to reply to Mr. John Celli, Chief, Cataloging in Publication Division, no later than August 3, 2004. You made no attempt to reply to Mr. Celli by the deadline, nor had he received any reply from you as late as August 13, 2004.

I have carefully reviewed the entire record in this matter, including the proposal with its attachments, Health Services determination that your medical documentation did not meet the criteria of a condition covered under the advanced sick leave or the Family and Medical Leave Act (FMLA) regulation, and Mr. Celli's report. On the basis of this review I find that the action is fully supported by the evidence. You were previously suspended for 10 workdays (June 21, 2004 through July 2, 2004) based on AWOL charges and put on strict notice that similar misconduct in the future could result in further disciplinary action or removal. Your AWOL charges have continued to accrue despite clear notice that further AWOL charges could result in disciplinary action against you. Therefore the proposed action is both warranted and appropriate.

It is my decision that you be removed from your position of Library Technician, GS-1411-6 effective at the close of business, September 24, 2004.

In accordance with Article 38, Section 4 of the Collective Bargaining Agreement with AFSCME Local 2477, you may file an appeal of the action under LCR 2020-3, or a grievance, but not both.

Under the terms of LCR 2020-3, you are entitled to (1) appeal this action with complete freedom from any restraint, interference, intimidation, coercion, discrimination, and or reprisal; (2) have a hearing before a hearing officer; and (3) be accompanied, represented, and or advised by a representative, if you so desire.

If you appeal this action, your appeal must be in writing and must be filed with the Office of Workforce Management within fifteen (15) workdays of receipt of this letter and shall set forth clearly the basis for appeal and request for hearing. Form 124, "Notice of Appeal and Request for Hearing," has been enclosed for this purpose. If you appeal this action, you will be granted a reasonable amount of official time to present your appeal, if in an active duty status. This action, however, will not be stayed pending an appeal. Additional information on how to pursue your appeal may be obtained from the Employee Relations Team, HRS/Office of Workforce Management.

If you elect to file a grievance, your grievance must be filed at Step 2 with my office in accordance with Article 38, Section 13 of the Collective Bargaining Agreement with AFSCME Local 2477, within ten (10) workdays of your receipt of this notice. Consult with your union steward and or the Collective Bargaining Agreement (contract) for additional information on how to pursue your grievance.

Sincerely,

Deanna Marcum

Deanna Marcum
Associate Librarian
for Library Services

Enclosure

Mr. Shelton Roseboro
[illegible] 29th St., SE
Apt. 199
Washington, D.C. 20020-3170

**REGISTERED MAIL**
**RETURN RECEIPT REQUESTED**

cc: Beacher Wiggins, Director, Acquisitions and Bibliographic Access
Maureen Landry, Chief, Serial Record Division
John Celli, Chief, Cataloging in Publication Division
Human Resources Services WRKMGMT ERT
Human Resources Services WLSC (w par)
Shelton Roseboro, via Regular Mail