UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHELTON ROSEBORO, )<br>)<br>   Plaintiff, )<br>)<br>   v. )<br>)<br>JAMES H. BILLINGTON, )<br>LIBRARIAN OF CONGRESS, )<br>)<br>)<br>   Defendant )<br>)<br>_____ ) | Civil Action No. 06-0602 (TFH) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO CONCEDE AND MOTION FOR LEAVE TO FILE DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

On July 3, 2007, Plaintiff, unbeknown to the Defendant and quite unexpectedly as to the timing, filed his Motion for Summary Judgment. Defendant, had not anticipated this filing for the reasons expressed herein and was not aware of its filing until July 19, 2007. Defendant is requesting permission to oppose this motion pursuant to Fed. R. Civ. P. 6(b)(2). Based on the July 3rd filing date, Defendant's opposition was due on July 17, 2007. Plaintiff opposes the Defendant's request to extend the time to respond to his motion for summary judgment.

On June 20, 2007, Defendant, having conferred by email with Plaintiff, filed an unopposed motion to extend the deadline for the filing of its motion for summary judgment. The email chain indicates that on June 19, 2007, the undersigned told Plaintiff's counsel that "[she] will be filing a motion to extend the date of the summary judgment filing. If we do not settle the case, then [undersigned counsel made clear that she] would like to file the motion for summary judgment." She further stated in the same email that "before I file the motion tomorrow, I am

requesting your position." See Exhibit A.  On Wednesday, June 20, 2007, at 6:06 p.m., Plaintiff's counsel responded "I am not going to oppose your motion." Id.

Thereafter, at 6:30 p.m., undersigned counsel sent Plaintiff's counsel - in an attachment to the email - the actual motion for extension of time that she was planning to file and asked counsel whether he "[had any objection to the dates for [his] opposition and etc.?" Id.  That same motion was thereafter filed forty five minutes later at approximately 7:15 p.m.  Defense counsel never heard back from the plaintiff regarding the questions posed in the email.

Specifically, Defendant requested until July 26, 2007, to file its motion for summary judgment because it wanted to see if mediation would be successful.  See PACER DKT. # 17.  On June 21, 2007, this Court granted the motion to extend.  See PACER DKT.  Included in that motion was the following proposal:[1]

(1) Defendant's Motion for Summary Judgment be due on July 26, 2007;

(2) Plaintiff's opposition and Cross Motion due on August 27, 2007;

(3) Defendant's Reply and Opposition due on September 10, 2007; and

(4) Plaintiff's Reply due on September 24, 2007.

Although, Plaintiff now asserts that he never agreed to those dates, he cannot argue that he was not aware of them given the June 20, 2007 email and attachment, bringing the dates to his attention.  See Exhibit A.  Plaintiff asserts in his July 19, 2007, Motion to Concede that he believes that the Agency made the motion for extension of time in what amounts to bad faith.  The Defendant denies that assertion and counters that Plaintiff filed both motions in an attempt

---

[1] This was in accord with the defendant's prior motion for extension of time where dates were also included.  See PACER DKT. # 16.

to sandbag the Defendant.

Defendant was unaware that the Plaintiff was going to file his motion for summary judgment when he did. Because the mediator desired to speak with the parties after the June 29, 2007 mediation, he requested that the undersigned be available for a telephone call on July 2, 2007. He was informed, in front of Plaintiff and his counsel, that the undersigned would be on annual leave the week of July 2, 2007. As a result, the mediator was given permission to contact the Agency counsel directly, which he did. Plaintiff's Counsel was aware that the undersigned was out of the office when the Motion was filed.

The undersigned was on leave the week of July 2, 2007 and the week of July 9, 2007. Upon her return, counsel was involved in a myriad of duties including researching and writing a reply brief in the unrelated matter, Orlov v. Phyllis Howard, et al, Civ. Act. No. 07-0350 (JDB). All of the emails and ECF notifications that appeared to be pressing were opened. However, because the Defendant's motion deadline was not until July 26, 2007, the ECF notification regarding the Roseboro matter was thought to be notification of the case returning to the court from mediation, and it was not opened. There was never any notification from the Plaintiff, through email or otherwise that he would be filing his motion for summary judgment earlier than expected.

Accordingly, defendant is requesting that Plaintiff's Motion to Concede be denied and that the Defendant be allowed to file its Opposition to the Plaintiff's motion for summary judgment on July 26, 2007, in the same document as Defendant's motion for summary judgment. This will not serve to prejudice the Plaintiff.

This motion is not for purposes of delay but for good cause shown.

                        Respectfully submitted,

                        /s/
                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                        United States Attorney

                        /s/
                        RUDOLPH CONTRERAS, D.C. BAR # 434122
                        Assistant United States Attorney

                        /s/
                        HEATHER GRAHAM-OLIVER
                        Assistant United States Attorney
                        Judiciary Center Building
                        555 4th Street, NW - Civil Division
                        Rm. 4-4808
                        Washington, D.C.  20530
                        (202) 305-1334

                        Attorneys for Defendant