Library of Congress

**NOTICE OF PROPOSED ADVERSE ACTION**

*(In accordance with LCR 2020-3)*

**INSTRUCTIONS TO DIVISION CHIEFS AND HEADS OF OFFICES:** It is the responsibility of the initiator of this proposed adverse action to have read and be familiar with LCR 2020-3 in order that this form be completed in compliance with its provisions. Prepare an original and four copies. The employee is to be given the original not less than 25 work days in advance of the proposed action; except that the notice for written reprimands shall be issued no less than five work days in advance. The employee must sign the reverse side of all copies. Send one copy each to the Office of Workforce Management - Employee Relations Team, the reply officer, and the Service Unit. Retain one copy for the division's/office's records.

| TO: Employee's Name | Position Title | Grade |
|---|---|---|
| Shelton Roseboro | Serials Processing Technician | GS-6 |

| Service Unit | Division | Section | Extension |
|---|---|---|---|
| Library Services | Serial Record | Cataloging Section III | 72499 |

| FROM: Division Chief/Office Head (Signature) | Date |
|---|---|
| Maureen O. Landry    *Mad Landre* | July 6, 2004 |

Date of written warning for failure to meet requirements of position (not required in cases of disciplinary action)

---

Nature of Proposed Adverse Action

[X] Removal  [ ] Demotion  [ ] Transfer  [ ] Suspension  [ ] Reassignment  [ ] Written Reprimand

This action will become effective if approved by the Service Unit; you will be notified of the date, but it will be no sooner than __25__ work days.

Reason(s) supporting proposed adverse action. (Include names, dates and places where known or reasonably obtainable, parts of official personnel records and any other additional documents and/or statements relied upon in support of the proposed action. Use additional paper if necessary.)



RECEIVED

JUL - 6 2004

OFFICE OF WORKFORCE MGMT
EMPLOYEE RELATIONS TEAM

It is proposed that you be removed from your position as Library Technician (Serials Processing Technician), GS1411-6, for reasons of misconduct in violation of LCR 2015-14, Absence Without Official Leave (AWOL) (Attachment A), and failure to adhere to supervisory instructions in violation of LCR 2023-1, Personal Conduct and Personal Activities (Attachment B). This action is being proposed in accordance with the provisions of LCR 2020-3, Policies and Procedures Governing Adverse Actions (Attachment C). The proposal is based on the following.

Since February 3, 2004, you have continually failed to report to work as scheduled or follow supervisory instructions regarding requesting leave for your absences, despite being advised that your continued unauthorized absences would result in you being charged AWOL and would subject you to disciplinary action.

By letter dated February 10, 2004 (Attachment D), your supervisor, Gary Bush, Head, Cataloging Section III, directed you to immediately report for duty as scheduled. He advised you that you would continue to be charged AWOL until such time as you returned to duty. Although you have been directed to return to work and advised of the consequences of your failure to adhere to supervisory instructions, you have not reported for duty.

On March 1, 2004, I issued you a Notice of Proposed Adverse Action to suspend you for ten (10) work days (Attachment E) for reasons of misconduct in violation of LCR 2015-14, Absence Without Official Leave (AWOL) and failure to adhere to supervisory instructions in violation of LCR 2023-1, Personal Conduct and Personal Activities. That proposal was upheld and you were suspended for ten (10) work days June 21-July 2, 2004.

On March 22, 2004, you visited the division office and submitted requests for absence under the Library's Family Medical and Leave Act (FMLA) for 202 hours advance sick leave from March 22, 2004 through May 3, 2004 and extended Leave Without Pay from May 4, 2004 through November 8, 2004 (Attachment F). By memorandum, dated March 31, 2004 (Attachment G), you were advised by Teresa A. Smith, Director, Human Resources Services, that your requests were disapproved. Her disapproval was based on your failure to meet the prerequisite eligibility requirements. In reaching her decision, Ms. Smith stated that she considered your leave abuse history and the March 1, 2004, notice of proposed adverse action that I issued you. Further consideration was given to the determination made by the Library's Health Services Office, dated March 24, 2004, that the information submitted by you, in support of your requests, did not meet the criteria of a condition to be covered under either the advance sick leave or FMLA regulations (Attachment H).

You have been charged AWOL every workday, totaling 804 hours, since February 3, 2004, with the exception of the 10-workday suspension that you served from June 21, 2004 through July 2, 2004 (Attachment I). You have been advised repeatedly that it was necessary for you to return to duty yet you have failed to do so even while under notice of the proposed 10 work day suspension. Therefore, your removal is warranted.

All attachments to this proposed are considered as containing supporting reasons for the action and are incorporated by reference herein and made a part hereof.

Attachments:

> Attachment A – LCR 2015-14
>
> Attachment B – LCR 2023-1
>
> Attachment C - LCR 2020-3
>
> Attachment D - Letter dated February 10, 2004, Bush to Roseboro
>
> Attachment E - NPAA dated March 1, 2004, Landry to Roseboro
>
> Attachment F - FMLA and advance sick leave request
>
> Attachment G - Memo dated March 31, 2004, Smith to Landry
>
> Attachment H - Memo dated March 24, 2004, Klauber to Hatcher
>
> Attachment I - T&A records documenting AWOL charges

cc:(without attachments)

James Carroll, LS/O

John Celli

Linda Knight HR/WM-ERT

*LIBRARY OF CONGRESS REGULATIONS*



# LCR 2015-14

## SUBJECT: Absence Without Official Leave (AWOL)

| SERIES: 2015<br>Leave Administration | STATUTORY AUTHORITY:<br>2 U.S.C. §136 | RESPONSIBLE OFFICE:<br>Human Resources Services |
|---|---|---|
| ISSUE DATE:<br>May 3, 1962 | REVIEW DATE:<br>May 3, 1964 | SUPERSEDES: N/A |

Absence from duty without prior approval, including absence from official duty station during the workday, is not permitted, except in justifiable emergency cases, and shall be made the subject of special inquiry. A staff member who is absent without approval for any cause must explain to the supervisor authorized to approve his leave, at the earliest practicable time, the reason for his absence and the reason for his failure to ask permission to be absent. If his reasons are unacceptable, the time lost will be counted as absence without official leave (AWOL); pay will be forfeited for the entire period of such absence, and disciplinary action may also result. Absence without official leave which extends beyond one workday shall be reported immediately by supervisors to the Personnel Relations Section, Personnel Office.

b>:









*Comments: lcweb@loc.gov*



**LCR 2023-1**

**SUBJECT: Personal Conduct and Personal Activities of the Staff of the Library of Congress: Purpose, Policy, and General Standards of Conduct**

| SERIES: 2023 Personal Conduct and Personal Activities of Staff | STATUTORY AUTHORITY: 2 U.S.C. §136 5 U.S.C. §7311 - 7313 | RESPONSIBLE OFFICE: Office of the Librarian |
|---|---|---|
| ISSUE DATE: July 23, 1970 | REVIEW DATE: | SUPERSEDES: |

Contents: <u>Section 1. Purpose</u> - <u>Section 2. Policy</u>

---

## Section 1. Purpose

This Regulation and those following state the Library's policy concerning standards of conduct for Library of Congress staff members and establish general guidelines to ensure that staff members will avoid conflicts of interest.

## Section 2. Policy

The maintenance of high standards of honesty, integrity, impartiality, and conduct by staff members is essential to assure the proper performance of the Library's business and the maintenance of confidence by citizens in their Government. The avoidance of misconduct and conflicts of interest on the part of staff members through informed judgment is indispensable to the maintenance of these standards.

Staff members shall not engage in criminal, infamous, dishonest, immoral, or notoriously disgraceful conduct or conduct which adversely reflects on the Library, the Government, or their suitability for employment. The policy of the Library with respect to employee disloyalty, striking or rioting is that encompassed in <u>5 U.S.C §7311-7313</u>.

Moreover, staff members shall avoid any action which might result in or create the appearance of:

    A. Using public office for private gain.

    B. Giving inequitable and improper preferential treatment to any person or persons to the prejudice or detriment of others.

    C. Impeding Library efficiency or economy.

    D. Compromising independence or impartiality.

    E. Making an official Library decision outside of official channels.

LCR 2023-1: Personal Conduct and Personal Activities of the Staff of the Library

F. Affecting adversely the confidence of the public in the integrity of the Library or the Government.

   

*Comments: lcweb@loc.gov*

*LIBRARY OF CONGRESS REGULATIONS*



# LCR 2020-3

**SUBJECT: Policies and Procedures Governing Adverse Actions**

| SERIES: 2020 Disciplinary Actions, Grievances, and Appeals | STATUTORY AUTHORITY: 2 U.S.C. §136 | RESPONSIBLE OFFICE: Human Resources Services |
|---|---|---|
| ISSUE DATE: March 1, 1984 | REVIEW DATE: March 1, 1986 | SUPERSEDES: May 7, 197 issuance of LCR 2020-3 |

## Contents:

Section 1. Purpose
Section 2. Policy
Section 3. Staff Members Covered
Section 4. Matters not Covered
Section 5. Actions Covered

Section 6. Actions not Covered
Section 7. Notice and Content of Proposed Adverse Action
Section 8. Final Decision to Take the Adverse Action
Section 9. Notification of Appeal Rights
Section 10. Filing the Appeal

## Section 1. Purpose

This Regulation establishes the Library's policy and procedures for taking adverse action when a staff member's performance or conduct fails to meet Library of Congress requirements and provides an appeals procedure for the staff member.

## Section 2. Policy

A. It is the policy of the Library to take disciplinary action as set out in Section 5., below, when circumstances require. When such action is taken, staff members affected shall be given advance notice and an opportunity to reply and, if desired, an opportunity to appeal to a hearing officer from outside the Library.

B. Prior to the initiation of any proposed adverse action for removal, transfer, reassignment, or demotion, and pursuant to the provisions of LCR 2017-5, permanent and indefinite staff members shall be given a written warning of failure to meet the requirements of their positions.

C. Department heads are authorized to give final approval to proposed adverse actions. However, in those instances in which the reason for the proposed adverse action is the commission of an offense against the Library generally, such as falsification of employment application or theft of Library property, the Director of Personnel is authorized to give final approval.

D. A hearing officer selected from a panel provided by the Federal Mediation and Conciliation Service shall hear appeals and make recommendations to The Librarian. The hearing officer shall

be selected pursuant to the provisions of LCR 2020-4.

E.   All staff members having information relevant to a proposed adverse action shall cooperate in providing such information to both management and staff members affected by the proposed adverse action.

F.   All staff members shall be free from restraint, interference, intimidation, coercion, discrimination, and/or reprisal in exercising their rights under this Regulation.

## Section 3. Staff Members Covered

All staff members, except those indicated in Section 4., below, are covered under this Regulation.

## Section 4. Staff Members not Covered

This Regulation does not apply to staff members in the following employment categories: temporary, WAE (When Actually Employed), intermittent, permanent-conditional, and indefinite-conditional.

## Section 5. Actions Covered

Except as indicated in Section 6., below, this Regulation applies to the following actions:

A.   Removal from the Library for cause;

B.   Transfer and reassignment for reason of performance or conduct;

C.   Suspension (non-pay status), except suspension provided under LCR 2020-5, Enforced Leave and Suspension.

D.   Demotion, i.e., change from one position to another of lower grade or salary within the Library. [An action terminating a temporary promotion does not fall within the meaning of demotion];

E.   Officially written reprimand when a copy is to be filed in the official personnel folder in the Employment Office.

## Section 6. Actions not Covered

This Regulation does not apply to the following actions:

A.   A policy decision of The Librarian of Congress, or his/her designee, not involving actions covered under Section 5. of this Regulation.

B.   An action taken by the Library of Congress pursuant to law, specific instructions from or applicable regulations of the Office of Personnel Management or decisions of the Comptroller General.

C.   Separation (disqualification) during the qualifying period (see LCR 2010-11) including such actions taken for reasons of unsuitability resulting from appropriate investigation under the LCR 2024 series.

D. Termination of temporary promotion or other temporary assignment.

E. Suspension or termination of employment under the provisions of LCR 2024-8.

F. Enforced disability retirement in accordance with the Office of Personnel Management regulations.

G. Reduction-in-force, except as provide in LCR 2021-2.

H. Abandonment of position.

## Section 7. Notice and Content of Proposed Adverse Action

A. Except for written reprimands, a staff member shall be given not less than 25 work days advance written notice of a proposed adverse action. In computing the time, the day on which the notice is received by the staff member or his/her representative shall not be counted. With respect to written reprimands, the advance written notice shall be not less than five work days.

B. Generally, a notice or proposed adverse action shall be signed by the staff member's division chief or otherwise designated comparable level supervisory official.

C. The notice shall be delivered personally and receipted for if possible. If this is not possible, the staff member shall be served at the last known address of record by either certified or registered mail, return receipt requested; such process shall be deemed sufficient.

D. Operating officials, in initiating and processing adverse actions, shall consult with and seek the advice and assistance of the Office of Counsel for Personnel.

E. The notice shall contain the following:

1. Identification of the specific proposed action.

2. The reason(s) supporting the proposed action, specifically and in detail, including names, dates, and places where known or reasonably obtainable, and those parts of a staff member's official personnel record relied upon to support the proposed action.

3. Notification of the right to review all material offered in support of the proposed action, including citations of lawful authorities, statements of witnesses, and/or investigative reports not excluded by law or regulation. The notice shall inform the staff member where and when he/she may review the material.

4. Notification to the staff member that he/she has a right to reply, orally and/or in writing, and to submit affidavits in support of his/her answer.

5. The name of the person(s) to receive a written and/or oral reply, and a statement that any such reply shall be considered before a decision is made.

6. A statement that the staff member shall have the right to the assistance of a representative in preparing his/her reply. Excluded from participation as representatives are supervisors and any member of the Personnel and Labor Relations Office, a departmental office, the Equal

... ...... ..... ........ ...... Governing Adverse Actions

Employment Opportunity Complaints Office, and the Librarian's Office.

7. A statement that time allotted for reply shall not be more than 15 work days after receipt of the notice, unless the Office of Counsel for Personnel determines that extenuating circumstances prevent adherence to the time limit.

8. The amount of official time to be allowed the staff member and his/her representative, if otherwise in an active duty status, for preparing a reply. (See LCR 2020-1, Grievances, Adverse Actions, Appeals: Policy and General Provisions.)

9. A statement that the staff member's reply may cover all matters he/she deems relevant to the merits of the proposed action or any matters in mitigation or extenuation which he/she considers appropriate.

10. A statement that in preparing a reply, the staff member has a right to interview those witnesses, if any, who are identified (see Section 7.E.(3), above), and that all Library staff members are required to cooperate in accordance with the provisions of Section 2.E. of this Regulation.

11. A statement that the proposed action is a proposal and not a decision.

12. A statement that if the staff member desires to make an oral reply, he/she and/or his/her representative shall have the opportunity to examine witnesses against him/her and present witnesses in his/her behalf at the time of such reply.

13. A statement that a staff member of the Office of Counsel for Personnel shall be available to advise the staff member and/or his/her representative personally about the consequences of the action proposed and the procedures for appealing it.

## Section 8. Final Decision to Take the Adverse Action

A. Final decision to take adverse action shall be made by the department head in the department where the action was initiated, only after bona fide consideration of the staff member's reply, if any. That decision, if adverse to the staff member, shall not substitute a more severe action than that originally proposed, nor shall it rely on reasons which were not noted in the original notice. However, that decision may substitute a less severe action than originally proposed, if the department head so decides.

B. Prior to implementation of the proposed action the department head shall forward his/her proposal, together with all supporting documents, to the Office of Counsel for Personnel for review as to compliance with this Regulation.

C. Upon receipt from the Office of Counsel for Personnel of notice that the decision to approve the proposed action is in compliance with the Regulation, the service unit head, or his/her designee, shall transmit that decision in writing to the staff member, with copies to the Office of Counsel for Personnel. If the staff member cannot be personally served, the written decision shall be sent by certified or registered mail, return receipt requested, to the last known address of the staff member; such process shall be deemed receipt of the decision.

D. The written decision shall include:

1. The action to be taken and the effective date;

2. Reasons in the original notice that are sustained and those not sustained;

3. If appropriate, a statement of appeal rights as described in Section 9., below.

## Section 9. Notification of Appeal Rights

A. If the approved action is in any manner adverse to the staff member the written notification of that decision shall further inform the staff member of the following:

1. His/her right to a hearing before a hearing officer;

2. That the time limit for filing an appeal is 15 work days;

3. Where to file his/her appeal;

4. Where he/she may obtain additional information on how to pursue his/her appeal;

5. His/her right to be represented;

6. His/her right to a reasonable amount of official time to present his/her appeal if he/she is on an active duty status (see LCR 2020-1);

7. The requirement that his/her appeal shall be in writing, shall set forth clearly the basis for his/her appeal, and shall include his/her request for a hearing if he/she desires one (Form LW 2/75b, <u>Notice of Appeal and Request for a Hearing</u>, shall be furnished with this notice.);

8. His/her right to freedom from restraint, interference, intimidation, coercion, discrimination, and/or reprisal if he/she chooses to appeal; and

9. That the approved adverse action shall not be stayed pending appeal.

## Section 10. Filing the Appeal

A. An appeal, if any, shall be filed with the Office of Counsel for Personnel no later than 15 work days after the staff member receives the notice of approved adverse action. In filing an appeal, a staff member shall use Form LW 2/75b.

B. The appeal shall state the staff member's reasons for believing that the approved action should not be taken or that it be modified.

C. The time limit for filing an appeal may be extended by the Counsel for Personnel under the following circumstances;

1. Upon a showing by the staff member that he/she was not notified of the time limit; or

2. When circumstances beyond the staff member's control prevented him/her from filing within the prescribed time limit; or

3. When the Counsel for Personnel determines that an extension is necessary for reasons of equity.

D. Denial of an extension shall not be appealable.

---



Next >

< Prev

▲

*Comments: lcweb@loc.gov*

THE LIBRARY OF CONGRESS

WASHINGTON, D.C. 20540-4160

SERIAL RECORD DIVISION

February 10, 2004

Dear Mr. Roseboro:

You reported to work on Feb. 2, 2004 and worked a 9 hour day. However, since Tuesday, February 3, 2004, you have neither reported for duty as scheduled nor contacted Ms. Maureen Landry, Serial Record Division Chief, or me to request leave. Consequently, in accordance with LCR 2015-14 (Attachment A), you have been charged Absence Without Official Leave (AWOL) beginning Tuesday, February 3, 2004, through the present. The AWOL charges will continue to accrue until you report for duty.

According to LCR 2015-14, Absence from duty without prior approval, including absence from official duty station during the workday, is not permitted, except in justifiable emergency cases, and shall be made the subject of special inquiry. A staff member who is absent without approval for any cause must explain to the supervisor authorized to approve his leave, at the earliest practicable time, the reason for his absence and the reason for his failure to ask permission to be absent. If his reasons are unacceptable, the time lost will be counted as AWOL; pay will be forfeited for the entire period of such absence, and disciplinary action may also result in accordance with LCR 2020-3 (Attachment B). Furthermore, in accordance with the Collective Bargaining Agreement between the Library of Congress and AFSCME Local 2477, Article 30, Leave, Section 5(b), (Attachment C), if an employee does not report to work when expected, the employee may be placed in an AWOL status and may also be subject to disciplinary action.

You are hereby directed to immediately report for duty as scheduled. You will continue in an AWOL status until such time as you return to work. If you feel that your conduct, specifically, your failure to report for duty as required, is caused by a personal or medical problem, the Library has confidential counseling and medical services available to all LOC staff. I urge you to utilize these confidential services if needed. You may contact the Employee Assistance Office on 202-707-6361 or the Health Services Office on 202-707-8035. I will continue to be available to assist you in improving your leave use to avoid further charges of AWOL and possible disciplinary action, up to and including your removal from the Library.

Sincerely,

Gary Bush, Head
Cataloging Section III

Mr. Shelton Roseboro
2716 29th Street, SE
Apt 199
Washington, DC 20020


Attachments:          A: LCR 2015-4
                      B: LCR 2020-3
                      C: CBA 2477, Article 30, Leave, Section 5(b)


cc:
       Maureen Landry, SRD
       HRS/WKLF/Employee Assistance
       Linda Knight, HRS/WKMGT/ER Team
       Health Services Office


Note: <u>This letter was mailed to Mr. Shelton Roseboro at the above address via certified-return receipt requested and by regular mail via U.S. Postal Service.</u>

LIBRARY OF CONGRESS

## NOTICE OF PROPOSED ADVERSE ACTION
*(In accordance with LCR 2020-3)*

---

**INSTRUCTIONS TO DIVISION CHIEFS AND HEADS OF OFFICES:** It is the responsibility of the initiator of this proposed adverse action to have read and be familiar with LCR 2020-3 in order that this form be completed in compliance with its provisions. Prepare an original and five carbon copies. The employee is to be given the original not less than 25 work days in advance of the proposed action; except that the notice for written reprimands shall be issued no less than five work days in advance. The employee must sign the reverse side of all carbon copies. Send one copy each to the Office of Counsel for Personnel, the reply officer, the department office and Staff Relations Office. Retain one copy for the division's/office's records.

| TO: Employee's Name | | Position Title | Grade |
|---|---|---|---|
| Shelton Roseboro | | Serials Processing Technician | GS-6 |
| Department | Division | Section | Extension |
| LS/ACQ | Serial Record | Cataloging III | 7-2499 |
| FROM: Division Chief/Office Head  (Signature) | | | Date |
| *M all larder* | | | 3/1/04 |

Date of written warning for failure to meet requirements of position
(not required in cases of disciplinary action):

---

Nature of Proposed Adverse Action:

| | |
|---|---|
| ☐ Removal | ☐ Demotion |
| ☐ Transfer | ☒ Suspension (10 days) |
| ☐ Reassignment | ☐ Written Reprimand |

---

This action will become effective if approved by the Department head; you will be notified of the date, but it will be no sooner than __25__ work days.

---

Reason(s) supporting proposed adverse action. (Include names, dates and places where known or reasonably obtainable, parts of official personnel records and any other additional documents and/or statements relied upon in support of the proposed action. Use additional paper if necessary.)

*IMPORTANT: READ OTHER SIDE OF THIS NOTICE.*

LW 2/76  (rev 8/86)

It is proposed that you be suspended from duty (without pay) for ten (10) workdays from your position as Library Technician (Serials Processing Technician), GS1411-6, for reasons of misconduct in violation of LCR 2015-14, Absence Without Official Leave (AWOL) (Attachment A), and failure to adhere to supervisory instructions in violation of LCR 2023-1, Personal Conduct and Personal Activities (Attachment B). This action is being proposed in accordance with the provisions of LCR 2020-3, Policies and Procedures Governing Adverse Actions (Attachment C). The proposal is based on the following.

On Tuesday, January 6, 2004, you failed to report for duty as scheduled or to contact your supervisor, Gary Bush, or me for approval for your emergency absence. When you returned to duty on the following day, Mr. Bush questioned you about your unauthorized absence. You told him that you didn't have a telephone and that the closest one to you is located several blocks away. You were advised that your reason for not contacting Mr. Bush or not reporting to work as scheduled was unacceptable. Although your reason for failing to contact him to properly request leave was unacceptable, Mr. Bush approved advanced annual leave and Leave Without Pay (LWOP) for your absence. However, he advised you of the proper procedures to request leave.

On January 15, 2004, you contacted Mr. Bush and requested approval for leave without pay for your unscheduled absence on that day. Mr. Bush advised you that you needed to contact me for approval of such a request. You did not report to work on January 15, 2004. Because you failed to properly request leave approval and did not report to work on January 15, 2004, you were charged nine (9) hours AWOL, in accordance with LCR 2015-14, for your unauthorized and unapproved absence.

You called me on January 16, 2004. When you spoke with me I reminded you of the proper procedures for requesting leave which I had also discussed with you in a fall 2003 meeting. I told you I would not approve LWOP in lieu of annual, and that you should report to work or you would be charged AWOL. You arrived to work at 11:15 p.m. on January 16, 2004. Because you failed to report for duty as scheduled and to properly request leave approval for your absence from 6:30 a.m. to 11:15 a.m., you were charged four and 3/4 (4.3) hours AWOL in accordance with LCR 2015-14.

On Tuesday, February 3, 2004, due to inclement weather conditions, the Library of Congress staff was allowed up to two (2) hours delay in their normal arrival time. However, you failed to report for duty, even after the two-hour delay, and you failed to contact Mr. Bush to request leave for your unscheduled absence. Because you failed to properly request leave approval and did not report to work on February 3, 2004, you were charged nine (9) hours AWOL, in accordance with LCR 2015-14, for your unauthorized and unapproved absence.

On February 4 and 5, 2004, you failed to contact Mr. Bush to request leave and failed to report to work on either day. Because you failed to properly request leave approval and did not report for work on February 4 and 5, 2004, you were charged seventeen hours AWOL, in accordance with LCR 2015-14.

You are on a compflex schedule and February 6, 2004, was your regular day off. However, on Monday, February 9, 2004, you again failed to report for duty as required. At 2:20 p.m. that day, you called me and left a voice mail in which you stated that you wanted to let me

know where you were and the reason why you haven't been reporting to work. You said that you

were at this place called the Gospel Rescue Ministries. You also called and spoke with Mr. Bush

at 2:30 p.m. and stated where you were and that you "needed to get yourself together." He

informed you that you needed to report to work. He advised you that you had been charged

AWOL from February 3 through February 5, 2004, for your failure to properly request leave

approval and to report to work. You were charged nine (9) hours AWOL, in accordance with

LCR 2015-14, for your failure to properly request leave and to report to work on Monday,

February 9, 2004.

On Tuesday, February 10, 2004, you failed to report for duty as scheduled and to contact

your supervisor to request leave. On Tuesday afternoon, February 10, 2004, Mr. Bush called

you at the telephone number that you provided during the February 9, 2004, conversation and

advised you that you should report to work. Your response was that you were going to remain

with the Gospel Rescue Ministries. He also gave you the telephone numbers to both the Health

Services Office as well as the Employee Assistance Group for assistance with the personal

matters which you mentioned during the February 9, 2004, telephone conversation with him.

Because you failed to properly request leave approval and to report for duty you were charged

AWOL for nine (9) hours on Tuesday, February 10, 2004, in accordance with LCR 2015-14.

After his telephone discussion with you on February 10, 2004, Mr. Bush sent a letter to

your home address of record, both by regular and certified mail (Attachment C). In that letter, he

again advised you that you because you had failed to properly request leave approval and to

report for duty as required, you were charged AWOL from February 3 through February 10,

2004, and that your pay was forfeited for the entire period of such absence. He further advised you to return to duty and put you on notice that the consequences of your AWOL status could subject you to disciplinary action, up to and including your removal from the Library.

For the period February 11 through 27, 2004, you neither contacted your supervisor nor me to request leave approval nor reported for duty. Because you failed to properly request leave and did not report to work, you have been charged AWOL for each of these days in accordance with LCR 2015-14 for your unauthorized and unapproved absences.

Although since February 3, 2004, you have failed to contact me or your supervisor to properly request leave approval and have failed to report for duty, on February 19, 2004, you were seen in the workplace around mid-day. You were in your normal work area, LM 509, talking to your colleagues. However, you did not report for duty. You made no attempt to contact me or to speak to Carroll Davis, who was acting for Mr. Bush, to discuss your unauthorized and unapproved absences. This clearly demonstrates a blatant disregard for supervisory instructions directing you to report for duty.

You have failed to properly request leave approval and have failed to report for duty, as directed by your supervisors, on January 15 and 16, 2004, as well as since February 3, 2004 and, have been charged AWOL for each of those absences resulting in a total of 156.3 hours of AWOL, as recorded on Time and Attendance records for pay periods 1-4 (Attachment D). Your pay has been forfeited for the entire AWOL period. The employee-employer relationship does not grant staff the latitude to determine which instructions and regulations they will or will not

follow. To do so undermines management's authority regarding appropriate standards of acceptable conduct. Your failure to adhere to supervisory instructions regarding leave requests and to report for duty as required will not be tolerated. Therefore your suspension for ten (10) workdays (without pay) is warranted.

Attachments:

        Attachment A – LCR 2020-3

        Attachment B – LCR 2015-14

        Attachment C - Letter from G. Bush, dated February 10, 2004

        Attachment D - T & A records

2020-3

*LIBRARY OF CONGRESS REGULATIONS*



## LCR 2020-3

**SUBJECT: Policies and Procedures Governing Adverse Actions**

| SERIES: 2020<br>Disciplinary Actions, Grievances,<br>and Appeals | STATUTORY AUTHORITY:<br>2 U.S.C. §136 | RESPONSIBLE OFFICE:<br>Human Resources Services |
|---|---|---|
| ISSUE DATE:<br>March 1, 1984 | REVIEW DATE:<br>March 1, 1986 | SUPERSEDES:<br>May 7, 197 issuance of LCR 2020-3 |

**Contents:**

Section 1. Purpose
Section 2. Policy
Section 3. Staff Members Covered
Section 4. Matters not Covered
Section 5. Actions Covered

Section 6. Actions not Covered
Section 7. Notice and Content of Proposed Adverse Action
Section 8. Final Decision to Take the Adverse Action
Section 9. Notification of Appeal Rights
Section 10. Filing the Appeal

### Section 1. Purpose

This Regulation establishes the Library's policy and procedures for taking adverse action when a staff member's performance or conduct fails to meet Library of Congress requirements and provides an appeals procedure for the staff member.

### Section 2. Policy

A. It is the policy of the Library to take disciplinary action as set out in Section 5., below, when circumstances require. When such action is taken, staff members affected shall be given advance notice and an opportunity to reply and, if desired, an opportunity to appeal to a hearing officer from outside the Library.

B. Prior to the initiation of any proposed adverse action for removal, transfer, reassignment, or demotion, and pursuant to the provisions of LCR 2017-5, permanent and indefinite staff members shall be given a written warning of failure to meet the requirements of their positions.

C. Department heads are authorized to give final approval to proposed adverse actions. However, in those instances in which the reason for the proposed adverse action is the commission of an offense against the Library generally, such as falsification of employment application or theft of Library property, the Director of Personnel is authorized to give final approval.

D. A hearing officer selected from a panel provided by the Federal Mediation and Conciliation Service shall hear appeals and make recommendations to The Librarian. The hearing officer shall

be selected pursuant to the provisions of LCR 2020-4.

E.  All staff members having information relevant to a proposed adverse action shall cooperate in providing such information to both management and staff members affected by the proposed adverse action.

F.  All staff members shall be free from restraint, interference, intimidation, coercion, discrimination, and/or reprisal in exercising their rights under this Regulation.

## Section 3. Staff Members Covered

All staff members, except those indicated in Section 4., below, are covered under this Regulation.

## Section 4. Staff Members not Covered

This Regulation does not apply to staff members in the following employment categories: temporary, WAE (When Actually Employed), intermittent, permanent-conditional, and indefinite-conditional.

## Section 5. Actions Covered

Except as indicated in Section 6., below, this Regulation applies to the following actions:

A.  Removal from the Library for cause;

B.  Transfer and reassignment for reason of performance or conduct;

C.  Suspension (non-pay status), except suspension provided under LCR 2020-5, <u>Enforced Leave and Suspension</u>.

D.  Demotion, i.e., change from one position to another of lower grade or salary within the Library. [An action terminating a temporary promotion does <u>not</u> fall within the meaning of demotion];

E.  Officially written reprimand when a copy is to be filed in the official personnel folder in the Employment Office.

## Section 6. Actions not Covered

This Regulation does not apply to the following actions:

A.  A policy decision of The Librarian of Congress, or his/her designee, not involving actions covered under Section 5. of this Regulation.

B.  An action taken by the Library of Congress pursuant to law, specific instructions from or applicable regulations of the Office of Personnel Management or decisions of the Comptroller General.

C.  Separation (disqualification) during the qualifying period (see LCR 2010-11) including such actions taken for reasons of unsuitability resulting from appropriate investigation under the LCR 2024 series.

D.   Termination of temporary promotion or other temporary assignment.

E.   Suspension or termination of employment under the provisions of LCR 2024-8.

F.   Enforced disability retirement in accordance with the Office of Personnel Management regulations.

G.   Reduction-in-force, except as provide in LCR 2021-2.

H.   Abandonment of position.

## Section 7. Notice and Content of Proposed Adverse Action

A.   Except for written reprimands, a staff member shall be given not less than 25 work days advance written notice of a proposed adverse action. In computing the time, the day on which the notice is received by the staff member or his/her representative shall not be counted. With respect to written reprimands, the advance written notice shall be not less than five work days.

B.   Generally, a notice or proposed adverse action shall be signed by the staff member's division chief or otherwise designated comparable level supervisory official.

C.   The notice shall be delivered personally and receipted for if possible. If this is not possible, the staff member shall be served at the last known address of record by either certified or registered mail, return receipt requested; such process shall be deemed sufficient.

D.   Operating officials, in initiating and processing adverse actions, shall consult with and seek the advice and assistance of the Office of Counsel for Personnel.

E.   The notice shall contain the following:

    1.   Identification of the specific proposed action.

    2.   The reason(s) supporting the proposed action, specifically and in detail, including names, dates, and places where known or reasonably obtainable, and those parts of a staff member's official personnel record relied upon to support the proposed action.

    3.   Notification of the right to review all material offered in support of the proposed action, including citations of lawful authorities, statements of witnesses, and/or investigative reports not excluded by law or regulation. The notice shall inform the staff member where and when he/she may review the material.

    4.   Notification to the staff member that he/she has a right to reply, orally and/or in writing, and to submit affidavits in support of his/her answer.

    5.   The name of the person(s) to receive a written and/or oral reply, and a statement that any such reply shall be considered before a decision is made.

    6.   A statement that the staff member shall have the right to the assistance of a representative in preparing his/her reply. Excluded from participation as representatives are supervisors and any member of the Personnel and Labor Relations Office, a departmental office, the Equal

Employment Opportunity Complaints Office, and the Librarian's Office.

7.  A statement that time allotted for reply shall not be more than 15 work days after receipt of the notice, unless the Office of Counsel for Personnel determines that extenuating circumstances prevent adherence to the time limit.

8.  The amount of official time to be allowed the staff member and his/her representative, if otherwise in an active duty status, for preparing a reply. (See LCR 2020-1, Grievances, Adverse Actions, Appeals: Policy and General Provisions.)

9.  A statement that the staff member's reply may cover all matters he/she deems relevant to the merits of the proposed action or any matters in mitigation or extenuation which he/she considers appropriate.

10. A statement that in preparing a reply, the staff member has a right to interview those witnesses, if any, who are identified (see Section 7.E.(3), above), and that all Library staff members are required to cooperate in accordance with the provisions of Section 2.E. of this Regulation.

11. A statement that the proposed action is a proposal and not a decision.

12. A statement that if the staff member desires to make an oral reply, he/she and/or his/her representative shall have the opportunity to examine witnesses against him/her and present witnesses in his/her behalf at the time of such reply.

13. A statement that a staff member of the Office of Counsel for Personnel shall be available to advise the staff member and/or his/her representative personally about the consequences of the action proposed and the procedures for appealing it.

## Section 8. Final Decision to Take the Adverse Action

A.  Final decision to take adverse action shall be made by the department head in the department where the action was initiated, only after bona fide consideration of the staff member's reply, if any. That decision, if adverse to the staff member, shall not substitute a more severe action than that originally proposed, nor shall it rely on reasons which were not noted in the original notice. However, that decision may substitute a less severe action than originally proposed, if the department head so decides.

B.  Prior to implementation of the proposed action the department head shall forward his/her proposal, together with all supporting documents, to the Office of Counsel for Personnel for review as to compliance with this Regulation.

C.  Upon receipt from the Office of Counsel for Personnel of notice that the decision to approve the proposed action is in compliance with the Regulation, the service unit head, or his/her designee, shall transmit that decision in writing to the staff member, with copies to the Office of Counsel for Personnel. If the staff member cannot be personally served, the written decision shall be sent by certified or registered mail, return receipt requested, to the last known address of the staff member; such process shall be deemed receipt of the decision.

D.  The written decision shall include:

1. The action to be taken and the effective date;

2. Reasons in the original notice that are sustained and those not sustained;

3. If appropriate, a statement of appeal rights as described in Section 9., below.

## Section 9. Notification of Appeal Rights

A. If the approved action is in any manner adverse to the staff member the written notification of that decision shall further inform the staff member of the following:

1. His/her right to a hearing before a hearing officer;

2. That the time limit for filing an appeal is 15 work days;

3. Where to file his/her appeal;

4. Where he/she may obtain additional information on how to pursue his/her appeal;

5. His/her right to be represented;

6. His/her right to a reasonable amount of official time to present his/her appeal if he/she is on an active duty status (see LCR 2020-1);

7. The requirement that his/her appeal shall be in writing, shall set forth clearly the basis for his/her appeal, and shall include his/her request for a hearing if he/she desires one (Form LW 2/75b, Notice of Appeal and Request for a Hearing, shall be furnished with this notice.);

8. His/her right to freedom from restraint, interference, intimidation, coercion, discrimination, and/or reprisal if he/she chooses to appeal; and

9. That the approved adverse action shall not be stayed pending appeal.

## Section 10. Filing the Appeal

A. An appeal, if any, shall be filed with the Office of Counsel for Personnel no later than 15 work days after the staff member receives the notice of approved adverse action. In filing an appeal, a staff member shall use Form LW 2/75b.

B. The appeal shall state the staff member's reasons for believing that the approved action should not be taken or that it be modified.

C. The time limit for filing an appeal may be extended by the Counsel for Personnel under the following circumstances;

1. Upon a showing by the staff member that he/she was not notified of the time limit; or

2. When circumstances beyond the staff member's control prevented him/her from filing within the prescribed time limit; or

3. When the Counsel for Personnel determines that an extension is necessary for reasons of equity.

D. Denial of an extension shall not be appealable.



    

*Comments: lcweb@loc.gov*

*LIBRARY OF CONGRESS REGULATIONS*



# LCR 2015-14

**SUBJECT: Absence Without Official Leave (AWOL)**

| SERIES: 2015<br>Leave Administration | STATUTORY AUTHORITY:<br>2 U.S.C. §136 | RESPONSIBLE OFFICE:<br>Human Resources Services |
|---|---|---|
| ISSUE DATE:<br>May 3, 1962 | REVIEW DATE:<br>May 3, 1964 | SUPERSEDES: N/A |

Absence from duty without prior approval, including absence from official duty station during the workday, is not permitted, except in justifiable emergency cases, and shall be made the subject of special inquiry. A staff member who is absent without approval for any cause must explain to the supervisor authorized to approve his leave, at the earliest practicable time, the reason for his absence and the reason for his failure to ask permission to be absent. If his reasons are unacceptable, the time lost will be counted as absence without official leave (AWOL); pay will be forfeited for the entire period of such absence, and disciplinary action may also result. Absence without official leave which extends beyond one workday shall be reported immediately by supervisors to the Personnel Relations Section, Personnel Office.

b>:



[ Next > ]     [ < Prev ]     [ A ]

*Comments: lcweb@loc.gov*

# REQUEST FOR ADVANCE SICK LEAVE

All requests for advance sick leave shall be accompanied by a certificate from a licensed physician. If the physician of a staff member prefers, he/she may furnish the certificate directly to the Health Services Office, LM G40. For additional information refer to LCR 2015-5.

Section A to be completed by Employee. Section B to be certified by Division chief. Section C to be completed by Health Services and the Human Resources Directorate.

## A. TO BE COMPLETED BY EMPLOYEE

Name (last, first, middle): **ROSEBORO, SHELTON R.E.**

Social Security Number **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**

Request for advance sick leave:

From **MARCH 22, 2004**    To **MAY 3, 2004**    Total Hours **202**

Total period of absence on account of disability or ailment was/will be

From **February 3, 2004**    To **November 8, 2004**

I am invoking entitlement under:  ☑ FMLA    ☐ FEFFLA

A certificate from a licensed physician is  ☐ Attached.    ☑ Will be  Sent to Health Services Office.

This SL will be used for (check one):  ☑ myself for medical reasons    ☐ myself for bereavement purpose    ☐ family member care

☐ Yes ☑ No  I have used SL for family member care/bereavement purposes (circle one) this leave year. If yes, indicate the number of hours used _____ and attach Federal Employees Family Friendly Leave Record, form 1576.

☐ Yes ☑ No  I have or expect to submit a claim to the Office of Worker's Compensation Programs (work related illness or injury) for all or a portion of the dates indicated on this advance SL request.

☐ Yes ☑ No  I have, expect, or plan to exercise an option to retire on disability or otherwise before I can repay the advance SL requested.

If approved, I understand that in the event the entire amount of advance sick leave is not liquidated prior to separation from Federal Service, it will be liquidated in the following order:  1) Charged against annual leave;  2) Set off against earned salary; or 3) Set off against retirement fund.

_____    _____    _____
Employee's Signature                 SERIAL RECORD DIV.        3/22/04
                                      Division                  Date

## B. TO BE COMPLETED BY DIVISION

☑ Yes ☐ No  Staff member has been warned in writing recently concerning his/her apparent abuse of sick leave.

☑ Yes ☐ No  There is an adverse action proposal pending against the staff member.

☑ Yes ☐ No  To the best of my knowledge, the staff member's condition precludes a reasonable expectation that he/she will return to duty.

☐ Yes ☑ No  The staff member is expected to exercise an option to retire on disability or otherwise.

☐ Yes ☑ No  The staff member is expected to be separated.

☐ Yes ☑ No  The staff member is expected to resign.

☐ Yes ☑ No  The staff member's appointment will expire before he/she will earn enough leave to repay the amount of advance SL requested.

Staff member currently has a SL balance of **0** hours.    RECOMMEND  ☐ APPROVAL    ☑ DISAPPROVAL (state reason)

_See attach.d_

**MAUREEN LANDRY**    _____    3/24/04
Division chief's name (typed)    Division chief's signature    Date

## C. TO BE COMPLETED BY HEALTH SERVICES AND THE HUMAN RESOURCES DIRECTORATE

Health Services  ☐ Yes  ☑ No  The staff member's condition precludes a reasonable expectation that he/she will return to duty.

Recommended  ☐ Approval  ☑ Disapproval (reason)  _Arlene F Klauber RN, MS, AWR_    4/2/04
                                                      (Signature)                    (Date)

Director for Human Resources  _Documentation presented to support request is not medical source_

☐ Approval  ☑ Disapproval (reason) _____    4-6-04
                                      (Signature)              (Date)

100 (1999/12)

UNITED STATES GOVERNMENT

# Memorandum

LIBRARY OF CONGRESS
*Office of Director for Human Resources Services*

DATE: March 31, 2004

TO : Maureen Landry
Chief, Serial Record Division

FROM : Teresa A. Smith
Director, Human Resources Services

SUBJECT : Shelton Roseboro - Requests for Advance Sick Leave and
Leave Without Pay

This is in response to your memorandum, dated March 24, 2004, concerning the requests submitted by Mr. Shelton Roseboro, Library Technician (Serials Processing Technician), under the Library's Family Medical and Leave Act (FMLA), for 202 hours advance sick leave and extended Leave Without Pay (LWOP).

In accordance with LCR 2015-5, Sick Leave, I have considered the following in determining if Mr. Roseboro's request for advance sick leave should be granted:

1. whether the staff member's leave record reflects an abuse of sick leave privileges;

2. whether there is any adverse administrative action pending against the employee;

3. whether it is reasonably expected that the staff member will return to duty;

4. whether the staff member is expected to retire, to be separated, or to resign before any advanced sick leave is repaid.

I also considered the Library's FMLA regulation, LCR 2015-21, which states that the employee is responsible for substantiating eligibility for FMLA leave by providing documentation to the Health Service Office for the specific purpose of the request.

It is my decision to disapprove Mr. Roseboro's requests for advance sick leave and leave without pay under FMLA because he has failed to meet the prerequisite eligibility requirements. In reaching my decision, I considered Mr. Roseboro's leave abuse history, as outlined in your March 24, 2004, memorandum. I also considered the current Notice of Proposed Adverse Action, dated March 1, 2004, in which you are proposing Mr. Roseboro's suspension for 10 workdays for reasons of misconduct, specifically, his failure to adhere to supervisory instructions (concerning proper procedures for requesting leave) in violation of LCR 2023-1, and charges of Absence Without Official Leave (AWOL), in violation of LCR 2015-14.

Further consideration was given to the determination made by the Library's Medical Officer, Dr. Sandra M. Charles, that the information submitted by Mr. Roseboro, in support of his requests, does not meet the criteria of a condition to be covered under either the advance sick leave or FMLA regulations.

My disapproval is noted on the attached requests from Mr. Roseboro. If there are any questions concerning this matter, please contact Linda Knight, Senior Employee Relations Specialist, Office of Workforce Management, HRS, on extension 7-6966.

Attachments

cc:
Dr. Sandra Charles, HSO
Shelton Roseboro, SRD
Linda Knight, WKM/ER Team

United States Government

# *Memorandum*

Library of Congress
*Health Services Office*

To:       **Allen Hatcher**
          **HRS/WFA (2700)**
From:     **Arlene F. Klauber, R.N., M.S., A.N.P., C.** *afk* 3/24/04
Date:     **March 24, 2004**
Subject:  **FMLA-Shelton Roseboro**


       The Health Services Office has received documentation offered in support of FMLA. After review of the documentation and the appropriate LCR, I find that the documentation does not support the request. If you have any questions, call me at 7-8035.


cc: Maureen Landry LS/ACQ/SRD (4160)

NAME: ROSEBORO, SHELTON R SS#:                T&A PAY PERIOD: 01    DATE: 01-27-04

T&A CONTACT POINT: AE-11-0010-32-10   GS   FULL TIME PAY PERIOD DUTY HOURS: 80.0

EMPLOYEE-WAS-ADVANCED: SL    ALT-WORK-SCHD: VAR.80HR.P/P

PREFIX  TRANSACTION-DESCRIP SUFFIX  WEEK1  WEEK2   ACCOUNTING DATA
------  ------------------- ------  -----  -----   -------------------------------

        REGULAR TIME                 31.1   26.   USE ACCOUNTING DATA STORED AT NFC
        OTHER LEAVE USED               .     9.

  WEEKLY HOURS IN PAY STATUS.....:   31.1   35.0

     TOTAL HOURS IN PAY STATUS ........:   66.1

            ABSENT WITHOUT LV.         13.3    0.0

     TOTAL OTHER HOURS ................:   13.3

REMARKS: HOLIDAY                            ---------- LEAVE RECORD ----------
                                                 BALANCE                  ENDING
                                           TYPE  FORWARD  ACCRUED  USED  BALANCE
ANNUAL LEAVE CATEGORY: 6 - CEILING:  240.0 ANNUAL    0.0       6    0.0      6.0
SICK LEAVE CATEGORY--: 4                     SICK   -46.0       4    0.0    -42.0
                                             AWOL     0.0   -----   13.3    13.3
                                            OTHER   ------   -----    9.0    -----

CERTIFIED      CL                       SV     SUPERVISOR  Bong Burd
TIMEKEEPER _____  EMPLOYEE _____   CERTIFIED CORRECT. ALL REGULAR TIME, LEAVE,
                                               OVERTIME, NIGHT DIFFERENTIAL AND HOLIDAY
                                               TIME WAS WORKED AND APPROVED TO LAW AND
                                               REGULATIONS.

NAME: ROSEBORO, SHELTON R SS#: ...          T&A PAY PERIOD: 02   DATE: 02-09-04

T&A CONTACT POINT: AE-11-0010-32-10  GS  FULL TIME PAY PERIOD DUTY HOURS: 80.0

EMPLOYEE-WAS-ADVANCED: SL   ALT-WORK-SCHD: VAR.80HR.P/P

PREFIX TRANSACTION-DESCRIP SUFFIX WEEK1 WEEK2  ACCOUNTING DATA
------ ------------------- ------ ----- -----  ---------------------------------

        REGULAR TIME                 42.1  9.  USE ACCOUNTING DATA STORED AT NFC
        ANNUAL LEAVE USED              .3  .
        OTHER LEAVE USED             3.    .

WEEKLY HOURS IN PAY STATUS.....: 46.0  9.0

    TOTAL HOURS IN PAY STATUS ........: 55.0

            ABSENT WITHOUT LV.   0.0  26.0

    TOTAL OTHER HOURS ................: 26.0

                                --------- LEAVE RECORD ----------
                                        BALANCE              ENDING
                                 TYPE  FORWARD ACCRUED  USED  BALANCE
ANNUAL LEAVE CATEGORY: 6 - CEILING:  240.0  ANNUAL   6.0    6    0.3   11.1
SICK LEAVE CATEGORY--: 4                    SICK   -42.0    4    0.0  -38.0
                                            AWOL    13.3  -----  26.0   39.3
                                            OTHER  ------  -----   3.0  -----

CERTIFIED _CR_
TIMEKEEPER _____ EMPLOYEE_____   SUPERVISOR_Gary Bush_
                                     CERTIFIED CORRECT ALL REGULAR TIME, LEAVE,
                                     OVERTIME, NIGHT DIFFERENTIAL AND HOLIDAY
                                     TIME WAS WORKED AND APPROVED TO LAW AND
                                     REGULATIONS.

NAME: ROSEBORO, SHELTON R SS#:          T&A PAY PERIOD: 03   DATE: 02-20-04

T&A CONTACT POINT: AE-11-0010-32-10  GS  FULL TIME PAY PERIOD DUTY HOURS: 80.0

EMPLOYEE-WAS-ADVANCED: SL   ALT-WORK-SCHD: VAR.80HR.P/P

PREFIX TRANSACTION-DESCRIP SUFFIX WEEK1 WEEK2  ACCOUNTING DATA
------ ------------------- ------ ----- -----  ----------------------------
        REGULAR TIME              .     .  USE ACCOUNTING DATA STORED AT NFC

  WEEKLY HOURS IN PAY STATUS.....:  0.0   0.0

    TOTAL HOURS IN PAY STATUS ........:  0.0

            ABSENT WITHOUT LV.  45.0  35.0

    TOTAL OTHER HOURS ................:  80.0
                                         ---------- LEAVE RECORD ----------
                                             BALANCE                ENDING
                                         TYPE FORWARD ACCRUED USED  BALANCE
ANNUAL LEAVE CATEGORY: 6 - CEILING:  240.0  ANNUAL  11.1    0     0.0   11.1
SICK LEAVE CATEGORY--: 4                     SICK  -38.0    0     0.0  -38.0
                                             AWOL   39.3  -----  80.0  119.3

CERTIFIED                                  SUPERVISOR
TIMEKEEPER ____    EMPLOYEE ____           _____
                                           CERTIFIED CORRECT:ALL REGULAR TIME, LEAVE,
                                           OVERTIME, NIGHT DIFFERENTIAL AND HOLIDAY
                                           TIME WAS WORKED AND APPROVED TO LAW AND
                                           REGULATIONS.

NAME: ROSEBORO, SHELTON R SS#:                    T&A PAY PERIOD: 04   DATE: 03-09-04

T&A CONTACT POINT: AE-11-0010-32-10   GS   FULL TIME PAY PERIOD DUTY HOURS: 80.0

EMPLOYEE-WAS-ADVANCED: SL    ALT-WORK-SCHD: VAR.80HR.P/P

PREFIX TRANSACTION-DESCRIP SUFFIX WEEK1 WEEK2  ACCOUNTING DATA
------ ------------------- ------ ----- ----- --------------------------------

        REGULAR TIME                    .      .  USE ACCOUNTING DATA STORED AT NFC

WEEKLY HOURS IN PAY STATUS.....:   0.0    0.0

   TOTAL HOURS IN PAY STATUS ........:   0.0

            ABSENT WITHOUT LV.  45.0   35.0

   TOTAL OTHER HOURS ...............:   80.0

                                     ---------- LEAVE RECORD ----------
                                        BALANCE                  ENDING
                                 TYPE  FORWARD ACCRUED USED BALANCE
ANNUAL LEAVE CATEGORY: 6 - CEILING:  240.0  ANNUAL   11.1     0     0.0    11.1
SICK LEAVE CATEGORY--: 4                     SICK    -38.0     0     0.0   -38.0
                                             AWOL    119.3   -----  80.0   199.3

CERTIFIED   *CR*
TIMEKEEPER _____   EMPLOYEE _____   SUPERVISOR *Tony Bush*
                                           CERTIFIED CORRECT:ALL REGULAR TIME, LEAVE,
                                           OVERTIME, NIGHT DIFFERENTIAL AND HOLIDAY
                                           TIME WAS WORKED AND APPROVED TO LAW AND
                                           REGULATIONS.

NAME: ROSEBORO, SHELTON R SS#:                T&A PAY PERIOD: 05   DATE: 03-23-04

T&A CONTACT POINT: AE-11-0010-32-10   GS  FULL TIME PAY PERIOD DUTY HOURS: 80.0

EMPLOYEE-WAS-ADVANCED: SL    ALT-WORK-SCHD: VAR.80HR.P/P

PREFIX TRANSACTION-DESCRIP SUFFIX WEEK1 WEEK2  ACCOUNTING DATA
------ ------------------- ------ ----- -----  ------------------------------

          REGULAR TIME              .    .    USE ACCOUNTING DATA STORED AT NFC

 WEEKLY HOURS IN PAY STATUS.....:   0.0   0.0

    TOTAL HOURS IN PAY STATUS ........:   0.0

             ABSENT WITHOUT LV.   45.0  35.0

    TOTAL OTHER HOURS ................:  80.0

                                      --------- LEAVE RECORD ---------
                                              BALANCE                ENDING
                                      TYPE  FORWARD ACCRUED USED  BALANCE
ANNUAL LEAVE CATEGORY: 6 - CEILING:  240.0  ANNUAL   11.1    0    0.0    11.1
SICK LEAVE CATEGORY--: 4                     SICK   -38.0    0    0.0   -38.0
                                             AWOL   199.3   -----  80.0  279.3

CERTIFIED
TIMEKEEPER _CL_    EMPLOYEE _on AWOL_   SUPERVISOR _Hary Bush_
                                       CERTIFIED CORRECT ALL REGULAR TIME, LEAVE,
                                       OVERTIME, NIGHT DIFFERENTIAL AND HOLIDAY
                                       TIME WAS WORKED AND APPROVED TO LAW AND
                                       REGULATIONS.

NAME: ROSEBORO, SHELTON R SS#:              T&A PAY PERIOD: 06   DATE: 04-05-04

T&A CONTACT POINT: AE-11-0010-32-10  GS  FULL TIME PAY PERIOD DUTY HOURS: 80.0

EMPLOYEE-WAS-ADVANCED: SL   ALT-WORK-SCHD: VAR.80HR.P/P

PREFIX TRANSACTION-DESCRIP SUFFIX WEEK1 WEEK2  ACCOUNTING DATA
------ ------------------- ------ ----- -----  ---------------------------------

        REGULAR TIME               .       .   USE ACCOUNTING DATA STORED AT NFC

  WEEKLY HOURS IN PAY STATUS.....:  0.0   0.0

    TOTAL HOURS IN PAY STATUS ........:  0.0

            ABSENT WITHOUT LV.   45.0  35.0

    TOTAL OTHER HOURS ................:  80.0
                                              ---------- LEAVE RECORD ----------
                                                   BALANCE              ENDING
                                              TYPE FORWARD ACCRUED USED BALANCE
ANNUAL LEAVE CATEGORY: 6 - CEILING:  240.0  ANNUAL    11.1      0   0.0    11.1
SICK LEAVE CATEGORY--: 4                      SICK   -38.0      0   0.0   -38.0
                                              AWOL   279.3   -----  80.0   359.3

CERTIFIED                                     SUPERVISOR
TIMEKEEPER _____  EMPLOYEE _____  CERTIFIED CORRECT ALL REGULAR TIME, LEAVE,
                                              OVERTIME, NIGHT DIFFERENTIAL AND HOLIDAY
                                              TIME WAS WORKED AND APPROVED TO LAW AND
                                              REGULATIONS.

NAME: ROSEBORO, SHELTON R SS#: .            T&A PAY PERIOD: 07   DATE: 04-19-04

T&A CONTACT POINT: AE-11-0010-32-10  GS  FULL TIME PAY PERIOD DUTY HOURS: 80.0

EMPLOYEE-WAS-ADVANCED: SL    ALT-WORK-SCHD: VAR.80HR.P/P

PREFIX  TRANSACTION-DESCRIP SUFFIX WEEK1 WEEK2  ACCOUNTING DATA
------  ------------------- ------ ----- -----  -------------------------------

        REGULAR TIME                        .     USE ACCOUNTING DATA STORED AT NFC

  WEEKLY HOURS IN PAY STATUS.....:   0.0    0.0

     TOTAL HOURS IN PAY STATUS ........:   0.0

            ABSENT WITHOUT LV.   45.0   35.0

  TOTAL OTHER HOURS ................:   80.0

                                    ---------- LEAVE RECORD ----------
                                            BALANCE                 ENDING
                                     TYPE   FORWARD ACCRUED USED   BALANCE
ANNUAL LEAVE CATEGORY: 6 - CEILING:  240.0  ANNUAL   11.1     0     0.0    11.1
SICK LEAVE CATEGORY--: 4                     SICK    -38.0     0     0.0   -38.0
                                             AWOL    359.3   -----  80.0   439.3

CERTIFIED
TIMEKEEPER  CL    EMPLOYEE  on AWOL  SUPERVISOR  Gary Bird
                                     CERTIFIED CORRECT ALL REGULAR TIME, LEAVE,
                                     OVERTIME, NIGHT DIFFERENTIAL AND HOLIDAY
                                     TIME WAS WORKED AND APPROVED TO LAW AND
                                     REGULATIONS.

NAME: ROSEBORO, SHELTON R SS#:               T&A PAY PERIOD: 08   DATE: 05-03-04

T&A CONTACT POINT: AE-11-0010-32-10  GS  FULL TIME PAY PERIOD DUTY HOURS: 80.0

EMPLOYEE-WAS-ADVANCED: SL   ALT-WORK-SCHD: VAR.80HR.P/P

PREFIX TRANSACTION-DESCRIP SUFFIX WEEK1 WEEK2  ACCOUNTING DATA
------ ------------------- ------ ----- ----- ----------------------------------

       REGULAR TIME            .      .   USE ACCOUNTING DATA STORED AT NFC

  WEEKLY HOURS IN PAY STATUS.....:  0.0   0.0

    TOTAL HOURS IN PAY STATUS ........:   0.0

         ABSENT WITHOUT LV.  45.0  35.0

   TOTAL OTHER HOURS ...............:  80.0

```
                                       ---------- LEAVE RECORD ----------
                                             BALANCE                  ENDING
                                        TYPE FORWARD ACCRUED USED BALANCE
ANNUAL LEAVE CATEGORY: 6 - CEILING:  240.0  ANNUAL   11.1     0    0.0    11.1
SICK LEAVE CATEGORY--: 4                     SICK    -38.0    0    0.0   -38.0
                                             AWOL    439.3  -----  80.0  519.3
```

CERTIFIED
TIMEKEEPER _CR_    EMPLOYEE _on leave_   SUPERVISOR _Gary Buot_
CERTIFIED CORRECT ALL REGULAR TIME, LEAVE
OVERTIME, NIGHT DIFFERENTIAL AND HOLIDAY
TIME WAS WORKED AND APPROVED TO LAW AND
REGULATIONS.

NAME: ROSEBORO, SHELTON R SS#: ___ __        T&A PAY PERIOD: 09    DATE: 05-17-04

T&A CONTACT POINT: AE-11-0010-32-10  GS  FULL TIME PAY PERIOD DUTY HOURS: 80.0

EMPLOYEE-WAS-ADVANCED: SL    ALT-WORK-SCHD: VAR.80HR.P/P

PREFIX TRANSACTION-DESCRIP SUFFIX WEEK1 WEEK2  ACCOUNTING DATA
------ ------------------- ------ ----- -----  --------------------------------

        REGULAR TIME                            .    USE ACCOUNTING DATA STORED AT NFC

WEEKLY HOURS IN PAY STATUS.....:   0.0   0.0

   TOTAL HOURS IN PAY STATUS........:    0.0

        ABSENT WITHOUT LV.   45.0  35.0

   TOTAL OTHER HOURS ................:   80.0

                                    --------- LEAVE RECORD ---------
                                        BALANCE
ANNUAL LEAVE CATEGORY: 6 - CEILING: 240.0   TYPE  FORWARD ACCRUED USED   ENDING BALANCE
SICK LEAVE CATEGORY--: 4             ANNUAL    11.1     0      0.0    11.1
                                     SICK     -38.0     0      0.0   -38.0
                                     AWOL     519.3   -----   80.0   599.3

CERTIFIED
TIMEKEEPER  _CK_  EMPLOYEE _on leave_____
                                    SUPERVISOR _Tony Bush_____
                                    CERTIFIED CORRECT: ALL REGULAR TIME, LEAVE,
                                    OVERTIME, NIGHT DIFFERENTIAL AND HOLIDAY
                                    TIME WAS WORKED AND APPROVED TO LAW AND
                                    REGULATIONS.

NAME: ROSEBORO, SHELTON R SS#:                    T&A PAY PERIOD: 10    DATE: 05-28-04

T&A CONTACT POINT: AE-11-0010-32-10  GS  FULL TIME PAY PERIOD DUTY HOURS: 80.0

EMPLOYEE-WAS-ADVANCED: SL    ALT-WORK-SCHD: VAR.80HR.P/P

PREFIX TRANSACTION-DESCRIP SUFFIX WEEK1 WEEK2  ACCOUNTING DATA
------ ------------------ ------ ----- -----  ---------------------------------

        REGULAR TIME                .      .   USE ACCOUNTING DATA STORED AT NFC

  WEEKLY HOURS IN PAY STATUS.....:   0.0    0.0

     TOTAL HOURS IN PAY STATUS ........:   0.0

              ABSENT WITHOUT LV.   45.0   35.0

     TOTAL OTHER HOURS ...............:   80.0
                                          ---------- LEAVE RECORD ----------
                                          BALANCE                     ENDING
                                   TYPE  FORWARD ACCRUED USED BALANCE
ANNUAL LEAVE CATEGORY: 6 - CEILING: 240.0 ANNUAL    11.1    0    0.0    11.1
SICK LEAVE CATEGORY--: 4                   SICK    -38.0    0    0.0   -38.0
                                           AWOL    599.3   -----  80.0   679.3

CERTIFIED                                 SUPERVISOR
TIMEKEEPER  DRC  EMPLOYEE  On AWOL        CERTIFIED CORRECT: ALL REGULAR TIME, LEAVE,
                                          OVERTIME, NIGHT DIFFERENTIAL AND HOLIDAY
                                          TIME WAS WORKED AND APPROVED TO LAW AND
                                          REGULATIONS.

NAME: ROSEBORO, SHELTON R SS#:              T&A PAY PERIOD: 11   DATE: 06-10-04

T&A CONTACT POINT: AE-11-0010-32-10  GS  FULL TIME PAY PERIOD DUTY HOURS: 80.0

EMPLOYEE-WAS-ADVANCED: SL   ALT-WORK-SCHD: VAR.80HR.P/P

PREFIX TRANSACTION-DESCRIP SUFFIX WEEK1 WEEK2  ACCOUNTING DATA
------ ------------------- ------ ----- -----  -----------------------------------

        REGULAR TIME              .       .   USE ACCOUNTING DATA STORED AT NFC

  WEEKLY HOURS IN PAY STATUS.....:   0.0    0.0

    TOTAL HOURS IN PAY STATUS ........:    0.0

          ABSENT WITHOUT LV.   45.0   35.0

    TOTAL OTHER HOURS ................:   80.0   --------- LEAVE RECORD ----------
                                                   BALANCE              ENDING
                                           TYPE  FORWARD ACCRUED USED BALANCE
ANNUAL LEAVE CATEGORY: 6 - CEILING:  240.0 ANNUAL   11.1     0     0.0    11.1
SICK LEAVE CATEGORY--: 4                    SICK    -38.0     0     0.0   -38.0
                                            AWOL    679.3   -----   80.0   759.3

CERTIFIED                          AWOL
TIMEKEEPER_____ EMPLOYEE_____   SUPERVISOR _Hony Bush_
                                        CERTIFIED CORRECT, ALL REGULAR TIME, LEAVE,
                                        OVERTIME, NIGHT DIFFERENTIAL AND HOLIDAY
                                        TIME WAS WORKED AND APPROVED TO LAW AND
                                        REGULATIONS.