UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| SHELTON ROSEBORO )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>JAMES H. BILLINGTON, )<br> LIBRARIAN OF CONGRESS )<br>        Defendant. )<br>_____ ) | 06cv0602<br>Judge Hogan |

**Plaintiff's Opposition to the Defendant's Cross Motion for Summary Judgment and Reply to Motion for Summary Judgment**

Comes now Plaintiff Shelton Roseboro, by and through counsel, and files this opposition to Defendant's Cross Motion for Summary Judgment and Reply to Motion for Summary Judgment, and in support thereof states as follows.

Plaintiff Roseboro filed a motion for summary judgment. Defendant Library of Congress has filed a cross motion for summary judgment and raises two arguments. Defendant argues that Mr. Roseboro has not established a claim for retaliation under the FMLA because he has not shown bad intent or retaliatory motive, and even if Plaintiff Roseboro established that the Library of Congress interfered with his FMLA rights, he was not prejudiced. Because Plaintiff Roseboro was not required to show bad intent or retaliatory motive, and because an "out right" denial of FMLA leave is an unlawful violation of the FMLA, Liu v. Amway Corporation, 347 F.3d 1125, 1134-35 (9th Cir. 2003), Defendant's arguments fail, and Plaintiff is entitled to summary judgment as a matter of law.

**<u>Argument</u>**

The FMLA creates two substantive rights for employees. First, an employee has the right to take up to twelve weeks of leave for personal medical reasons, to care for newborn babies or to care for family members with serious illnesses. 29 U.S.C. Sec. 2612(a). Next, an employer who takes FMLA leave has the right to be restored to his or her original position or to a position equivalent in benefits, pay and conditions of employment upon return from leave. 29 U.S.C. Sec. 2614(a). To protect the employee, FMLA prohibits interference with the exercise of the employee's right to take leave. 29 U.S.C. Sec. 2615(a). The relevant provision reads: "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this title [and subchapter]." 29 U.S.C. Sec. 2615(a)(1). Further, the Department of Labor is authorized to issue implementing regulations for the FMLA, 29 U.S.C. Sec. 2654, and DOL regulations provide that "[t]he FMLA prohibits interference with an employee's rights under the law." 29 C.F.R. Sec. 825.220(a). Any violation of the FMLA itself or of the DOL regulations constitute interference with an employee's rights under the FMLA. 29 C.F.R. Sec. 825.220(b). The DOL interprets "interference" to include "not only refusing to authorize FMLA leave, but discouraging an employee from using such leave." Id. The regulations specify one form of employer interference---i.e., "employers cannot use the taking of FMLA leave as a negative factor in employment actions." 29 C.F.R. Sec. 825.220(c).

In its cross motion, Defendant has inverted the arguments to first argue that the Library of Congress did not retaliate against Mr. Roseboro, and later argues that the Library of Congress did not harm Mr. Roseboro in interfering with FMLA right to take

leave. For the sake of clarity, Plaintiff is addressing the arguments in the manner in which they occurred—interference with Mr. Rosoboro's FMLA rights and retaliation for exercising his FMLA rights.

    A.    <u>Plaintiff Roseboro established a claim of interference with his rights under the FMLA.</u>

Defendant apparently concedes that it interfered with Mr. Roseboro's right to FMLA leave but argues that even if Mr. Roseboro were to establish a prima facie case of interference under the FMLA, there is no prejudice because he was not entitled to more than twelve weeks of leave. According to the Defendant, Mr. Roseboro was not harmed because he was not entitled to more than twelve week of leave, and even if it improperly denied his request for FMLA leave, it was "a mistake with no consequence."

The Defendant cites to two District Court decisions in support of argument that Mr. Roseboro was only entitled to twelve weeks of leave and was not prejudiced in the Library's denial of FMLA leave. Cross Motion at 6-7 (citing <u>DeMar v. PA Consulting Group, Inc.</u>, No. 04-00826, 2006 WL 1827373 (D.D.C. June 30, 2006) and <u>Sampson v. Citibank</u>, F.S.B., 51 F. Supp. 2d 13, 18 (D.D.C. 1999)). The <u>Demar</u> and <u>Sampson</u> decisions are not applicable because in both of those decisions, the employer granted the employee FMLA leave and the employees were terminated after they did not return to work after 12 weeks. In both of those cases, the courts merely held that FMLA only requires that an employer provide up to twelve weeks of unpaid leave.

In the present case, the Library of Congress denied Mr. Roseboro's request for FMLA leave. Thus, the issue is not whether FMLA requires twelve weeks of leave—that is not disputed—but the issue is whether an employer violates FMLA by denying

completely a request for leave under the FMLA.  Liu v. Amway Corporation, 347 F.3d 1125 (9th Cir. 2003) is directly on point on this issue and it held that the "out right" denial of a request for leave which is covered under FMLA is a violation which provides a remedy to the Plaintiff.

In Liu, the Plaintiff Liu was a scientist at Defendant Amway, who was denied FMLA leave after taking maternity leave.  The Liu Plaintiff argued that Amway denied her right to FMLA leave by rejecting her requests for leave and by forcing her to take shorter extensions of additional leave and by mischaracterizing her FMLA protected leave as personal leave.  In holding that Amway violated Liu's rights under the FMLA, the Ninth Circuit noted that "DOL regulations clearly state that an employer interferes with an employee's rights under FMLA by `refusing to authorize FMLA leave' and discouraging an employee from using such leave."  Liu, 347 F.3d at 1134.  **"It follows that an employer has discouraged an employee from taking FMLA leave when his or her supervisor interferes with the length and dates of leave, including denying leave out right."** Id. (emphasis added).  . . .  The statute and the accompanying regulations protect an employee from any employer actions that discourage or interfere with the right to take FMLA leave.  29 C.F.R. Sec. 825.220(1).

The Lui court further addressed the mischaracterization of Lui's FMLA leave. The court reasoned that: "It is the employer's responsibility to determine when FMLA leave is appropriate, to inquire as to specific facts to make that determination, and to inform the employee of his or her entitlements."  347 F.3d  at 1134 (citing Bailey v. Southwest Gas Co., 275 F.3d 1181, 1185 (9th Cir. 2002).  The Lui court held that after

4

Lui informed her supervisor of the reasons for the FMLA leave, the employer had a duty to initiate a procedure to determine whether Lui was qualified for leave.

The Lui court commented that "an employer's good faith or lack of knowledge that its conduct violates FMLA does not protect it from liability. 347 F.3d at 1135 (citing Bachelder v. America West Airlines, Inc., 269 F.3d 1112 (9th Cir. 2001).

Amway conceded that Lui's FMLA leave was misidentified as personal leave but argued that Lui was not denied rights under FMLA because there was no distinction between the leave she was granted and the FMLA leave to which she was entitled. 347 F.3d at 1135. The Ninth Circuit rejected this argument. The Lui court stated that "Under DOL regulations, the mischaracterization of Lui's FMLA leave as personal leave qualifies as "interference" with her leave. A violation of the FMLA simply requires that the employer deny the employee's entitlement to FMLA leave. 29 C.F.R. Sec. 825.220(1)(1) & (b). The employer here failed in its responsibility to assess Lui's entitlement to FMLA leave and therefore denied her a substantive right under FMLA. Denial of Lui's right to FMLA leave constitutes a violation of the FMLA." 347 F.3d at 1135. "FMLA enforcement mechanisms protect employees against having to plead and negotiate with their supervisors to be granted leave that are entitled to receive under . . . FMLA" 347 F.3d at 1135.

The Lui court also considered "whether there [was] a triable issue of a material fact as to whether the FMLA leave taken by Liu was impermissibly considered as a factor in her termination," 347 F.3d at 1136, and concluded there was.

The Lui decision is directly on point and addresses all of the arguments raised by the Defendant. First, the Lui court held that the "out right" denial of FMLA leave is a

violation of FMLA. Here, the Library of Congress denied Mr. Roseboro's request for FMLA leave "out right." This is not disputed. Next, the <u>Lui</u> court recognized that a mischaracterization of leave is a violation of the FMLA. Here, the Library of Congress mischaracterized Mr. Roseboro's leave which should have been approved as FMLA leave, and he was charged AWOL. The <u>Lui</u> court emphasized that "an employer's good faith or lack of knowledge that its conduct violates the FMLA does not protect it from liability." 347 F.3d at 1135. Finally, the <u>Lui</u> court rejected the notion that an employee forfeits any rights because he or she takes leave after an improper denial of FMLA leave. The Library of Congress argued that Mr. Roseboro "forfeited his FMLA rights when he failed to return to work after twelve weeks." Cross Motion at 7. The <u>Lui</u> court held that "FMLA enforcement mechanisms protect employees against having to plead and negotiate with their supervisors to be granted leave that are entitled to receive under . . . FMLA" 347 F.3d at 1135.

Mr. Roseboro was entitled to FMLA leave to enter a substance abuse program; the Defendant illegally denied that request for FMLA leave; and the Defendant is liable for a violation of the FMLA. The <u>Lui</u> court makes clear that the violation of a federal statute is not a mistake with no consequence. As a result of the denial of FMLA leave and improper classification of his leave, Mr. Roseboro was charged AWOL, suspended for ten days and terminated. His official personnel records now contain information which, Defendant apparently concedes, is false, because the Defendant violated the FMLA.

Defendant is not entitled to summary judgment on this claim and Plaintiff is entitled to summary judgment because it is not disputed that the Defendant interfered with Mr. Roseboro's FMLA rights.

B.  <u>Plaintiff Roseboro established a claim for retaliation under the FMLA and Defendant's Arguments are not Supported by the Law.</u>

After Mr. Roseboro's request for FMLA leave was denied, Mr. Roseboro was charged with AWOL, suspended for ten days, and later terminated for taking leave which should have been granted under FMLA. Mr. Roseboro was suspended 10 days for being AWOL during a period when he requested FMLA leave. Deft. Ex. 1, Attachment to Cross-Motion for Summary Judgment, 2 of 44, 17-22 of 44. Mr. Roseboro was charged 804 hours of AWOL during a period when he requested FMLA leave. Deft. Ex. 1, Attachment to Cross-Motion for Summary Judgment, 3 of 44. Here, there was no dispute that Mr. Roseboro's request for FMLA leave and taking FMLA leave was a factor in his AWOL charge, suspension and termination because his AWOL charge, suspension and termination all referenced the fact that the action was being taken because of his absence from work. Id.

Defendant Library of Congress does not argue that its denial of Mr. Roseboro's request for FMLA leave was proper. In fact, the Library of Congress seems to concede that it improperly denied Mr. Roseboro's request for FMLA leave. The Defendant argues that Mr. Roseboro has failed to establish a claim for retaliation under the FMLA because he cannot show there is a causal connection between the protected activity and the adverse action. The Library argues that an employee must show bad intent or retaliatory motive to establish a claim of retaliation. Mr. Roseboro is not required to show bad

7

intent or retaliatory motive because he has presented direct evidence that he was placed on AWOL, suspended and terminated because he took leave for treatment which should have been approved under FMLA. Id. There is a direct and undeniable correlation between his taking leave and being placed on AWOL, suspended and terminated. Id.

The Defendant argues that Mr. Roseboro "was terminated for being absent seven months" and if he had returned to work after twelve weeks, the FMLA would have arguably protected him. Motion at 5. This claim is disputed and is nothing more than a post litigation justification to attempt to escape liability. Mr. Roseboro's sworn statement is that the Library's statement is disputed because if he had been granted twelve weeks of FMLA leave which he was entitled to receive, he could have completed the first phase of the substance abuse program and returned to work. Ex. A (Sworn Declaration). Defendant cannot escape a clear violation of the FMLA by blaming Mr. Roseboro for getting medical treatment after it violated his rights under the FMLA.

Conclusion

Plaintiff's Motion for Summary Judgment should be granted and Defendant's Cross Motion for Summary should be denied.

                Respectfully submitted,

                 /s/
                David A. Branch #438764
                Law Offices of David A. Branch, PC
                1825 Connecticut Avenue, N.W.
                Suite 690
                Washington, D.C.  20009
                (202) 785-2805 phone
                (202) 785-0289 fax

## Certificate of Service

      I hereby certify this 4th day of September 2007, that a copy of the foregoing Plaintiff's Opposition to Cross Motion for Summary Judgment and Reply was sent electronically to counsel for Defendant listed below:

Heather Graham-Oliver
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., NW
Washington, D.C. 20530

                                              /s/
                                    David A. Branch