UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHELTON ROSEBORO, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 06-0602 (RWR) |
| JAMES H. BILLINGTON, ) | |
| LIBRARIAN OF CONGRESS ) | |
| ) | |
| Defendant ) | |
| ) | |
| _____) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

On February 3, 2004, Plaintiff left his position with the Library of Congress ("Library" or "Defendant") and never returned. After not hearing from Plaintiff for more than seven months, the Library terminated Plaintiff from his position. Even after sending Plaintiff a "Notice of Proposed Termination" letter on July 6, 2004, and a final decision letter dated September 24, 2004 (notifying Plaintiff of his termination from Library employment), the Library received no response from Plaintiff. The Library did not hear from Plaintiff until he filed this instant matter with the Court on March 31, 2006, alleging that his termination from the Library in 2004 was in retaliation for requesting leave under the Family and Medical Leave Act ("FMLA").

As previously delineated in Defendant's Cross-Motion for Summary Judgment, to establish a *prima facie* case for a retaliation claim under the FMLA, Plaintiff must show: (1) that he was engaged in protected activity; (2) the Defendant took the action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection between

-1-

the protected activity and the adverse action.  Campbell v. Gambro Healthcare, Inc., 478 F. 3d 1282, 1287 (10th Cir. 2007).  The Court in Campbell explained that in order to satisfy the third prong, a Plaintiff must show bad intent or retaliatory motive on the part of the employer.  Here, Plaintiff cannot show bad intent since the record demonstrates that the Library did not terminate Plaintiff until September 24, 2004.  Moreover, Plaintiff has failed to show any causal connection between his request for FMLA and subsequent taking of leave, and his termination.  There is no evidence in the record that Plaintiff was terminated for requesting 12 weeks of unpaid FMLA leave.  Plaintiff did not just leave his job at the Library and return after 12 weeks as contemplated/allowed under the FMLA.[1]  Rather, Plaintiff left his employment with the Library in February 2004 and never returned.  Thus, Plaintiff was terminated because he was inexcusably absent from employment for seven months, and not because he had requested FMLA leave.

     Moreover, even assuming Plaintiff can establish a *prima facie* case of retaliation (which he has not), he is not automatically entitled to judgment inasmuch as this Court has approved the burden-shifting analysis established by the Supreme Court in McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed. 2d 668 (1973), to evaluate the evidence in support of claims brought under the FMLA.  Winder v. Erste, 2007 WL 2822579 (D.D.C. 2007).   In accordance with the McDonnell-Douglas framework, after the employee establishes his *prima facie* case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its actions.  McDonnell-Douglas, 411 U.S. at 802.  If the employer is successful, the burden shifts back to the plaintiff to show that the employer's stated reason was a pretext for

---

[1] The FMLA entitles an eligible employee a total of twelve workweeks of unpaid leave during any twelve month period due to the employee's serious health condition.  See 29 U.S.C. § 2612(a)(1)(A)-(D).

discrimination.  <u>Reeves v. Sanderson Plumbing Prods., Inc</u>. 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

     Here, Plaintiff does not even challenge the Library's legitimate, non-discriminatory reason for terminating him.  Specifically, Plaintiff does not deny that he abandoned his position at the Library and never returned to work after February 3, 2004.  Plaintiff does not deny that from February 3, 2004, until the notice of his termination (July 6, 2004) he accrued more than 804 hours of Absence Without Official Leave.  Plaintiff does not deny that he was directed to return to work and was repeatedly warned by Library supervisors that his failure to report back to duty might result in his termination.  And Plaintiff does not deny that the Library terminated him on September 24, 2004, after failing to attend work for the previous <u>eight months</u>.

     Instead of challenging the Library's legitimate, non-discriminatory reasons, in his Opposition Plaintiff suggests, for the first time,[2] that he would have enrolled in the 12-month drug treatment program for only 12 weeks had he known his request for FMLA was denied.  However, the record demonstrates that Plaintiff was put on notice that he was not entitled to more than 12 weeks of unpaid leave under the FMLA.  <u>See</u> Defendant's Cross-Motion at 10.  More important, Plaintiff's self-serving assertion that he would have returned to work after 12 weeks had he known his request for FMLA was denied, in no way establishes that the Library's legitimate, non-discriminatory reason for terminating Plaintiff from his employment with the

---

[2] The record demonstrates that Plaintiff had every intention of entering a twelve-month program and not returning after 12 weeks.  Indeed, Plaintiff submitted several leave requests and other notices to the Library indicating that he would remain under treatment from nine to thirteen months after he left work in February 3, 2004.  Plaintiff's Material Facts ¶ 5; Roseboro declaration ¶ 4; P.Ex. B:1 and 10; see also Defendant's Cross-Motion for Summary Judgment at 8-9.

Library is false or pretextual. Thus, there is a complete lack of evidence in the record that Plaintiff's request for FMLA in any way motivated the Library's decision to terminate Plaintiff, and summary judgment in Defendant's favor is appropriate.

## CONCLUSION

For all of the foregoing reasons, and the reasons contained in Defendant's Cross-Motion for Summary Judgment, Defendant is entitled to judgment as a matter of law and Plaintiff's case should be dismissed in its entirety and with prejudice.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW - Civil Division
Rm. 4-4808
Washington, D.C. 20530
(202) 305-1334

Attorneys for Defendant