UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
**SHELTON ROSEBORO**                        )
                                            )
          **Plaintiff,**   )
  v.                                      )    **Civil No. 06-0602 (TFH)**
                                            )
**JAMES H. BILLINGTON,**                    )
**LIBRARIAN OF CONGRESS**                   )
                                            )
          **Defendant.**   )
_____)

## MEMORANDUM OPINION

In its ruling of March 31, 2009, the Court granted partial relief under the Family and Medical Leave Act (FMLA) to plaintiff Shelton Roseboro on cross-motions for summary judgment. Now pending before the Court is Roseboro's Motion for Attorney's Fees and Costs. In a supplemental invoice, Roseboro requests total fees and costs in the amount of $51,889. The government contends that this amount is excessive, but does not dispute that Roseboro has prevailed in part on his FMLA claims and is therefore entitled to some award.

## BACKGROUND

In his suit, Roseboro, a former employee of the Library of Congress ("Library"), claimed that the Library violated his rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601-2654, by (1) wrongfully declining his request for FMLA leave to undergo treatment for substance abuse; (2) failing to notify him of the twelve-week limit on FMLA leave; and then (3) charging him Absent Without Official Leave ("AWOL"), suspending him for ten days, and finally firing him because he nonetheless took the FMLA leave to which he was entitled. On summary judgment, the Court found that the Library wrongfully denied Roseboro his FMLA leave, but ruled that his relief was limited to expungement of certain AWOL charges

from his personnel record, without the reinstatement or money damages that he sought. The Court further found that a narrow issue survived summary judgment and remained pending: whether Roseboro was entitled to expungement of the ten-day suspension from his personnel record.

In a supplemental status report filed on May 27, 2009, Roseboro reports that, in order to facilitate final resolution of this case, the Library has agreed to purge Roseboro's file of any mention of the ten-day suspension. Aside from completing that purge, the only outstanding issue in the case is the attorney's fees and costs.

## DISCUSSION

The FMLA provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3). In support of his fee request, Roseboro submits an invoice detailing the time spent on various tasks and applies an hourly rate of $410 pursuant to the *Laffey* matrix. *See Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 371 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985). He calculates attorney's fees of $51,619 and asserts $270 in costs, for a total request of $51,889.[1]

While not challenging the reasonableness of the amount of hours expended or the rate requested, the Library contends that the request is excessive because (1) it includes amounts for time spent on issues upon which Roseboro failed to prevail, and (2) it fails to take into

---

[1] Roseboro provides no documentation of his costs, but the Library does not contest his claim of $270. The Court treats the $270 amount as conceded.

consideration the limited degree of success Roseboro achieved on the claims on which he did prevail. The Library relies heavily on the Supreme Court's decision in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), holding that "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Id.* at 440. The Supreme Court emphasized that "the 'results obtained' . . . factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Id.* at 434 (footnote omitted). The Court below addresses the two prongs of the Library's argument in turn.

**I. Alleged Inclusion of Time Spent on Issues upon which Roseboro Failed to Prevail**

Citing the Court's summary judgment opinion, the Library asserts that this case involved two claims: an interference claim pursuant to 29 U.S.C. § 2615(a)(1) and a retaliation claim pursuant to 29 U.S.C. § 2615(a)(2). *See Roseboro v. Billington*, __ F. Supp. 2d. __, 2009 WL 827865, at *3 (D.D.C. Mar. 31, 2009). The Library notes that the Court awarded no relief on the interference theory and only limited relief on the retaliation theory. Accordingly, the Library contends that attorney's fees should not be awarded for any portion of work related to the interference theory. The Library, making an implicit and unexplained calculation that the interference claim represented at least 60% of Roseboro's attorney's total work on the case, submits that the fee should be reduced by more than 60%.

While acknowledging some ambiguity, the Court disagrees with the Library's overly reductive view that Roseboro did not prevail on all his claims. For purposes of the attorney's fee determination, Roseboro's claim is simply that the Library violated his FMLA rights. That is

Count One of Roseboro's complaint, and indeed it is the only count.[2]  The interference and retaliation theories are merely different arguments offered in support of that single, general claim. Roseboro indisputably won relief on that claim in the form of expungement of wrongful AWOL charges from his personnel record.  He has therefore succeeded on the only claim he asserted.

In the sense that *Henley* advised a reduction of the attorney's fee "where the plaintiff did not succeed on all claims asserted," 461 U.S. at 432, that decision is inapplicable to this case.  *Cf. Am. Petroleum Inst. v. EPA*, 72 F.3d 907, 911-12 (D.C. Cir. 1996) (holding that because plaintiffs pursued only one claim for relief, i.e. the invalidity of a regulation, "there are no 'separate claims' but only separate arguments in support of the same claim, [and, thus,] *Hensley v. Eckerhart* has no applicability.").  The Eighth Circuit offers instructive language on this point:

> A fee award should not be reduced merely because a party did not prevail on every theory raised in the lawsuit.  A lawsuit . . . which includes several related legal theories based on a common core of facts, should not be viewed as a series of discrete causes of action, and compensation should not be awarded on a claim-by-claim basis. In such a case, counsel's time is devoted to the litigation as a whole, rather than on specific theories of relief, and compensation should be based on all hours reasonably expended to achieve a successful result.

*Hendrickson v. Branstad*, 934 F.2d 158, 164 (8th Cir. 1991) (internal citation omitted).  The Court will not reduce the attorney's fee award on the Library's proffered basis of Roseboro not having succeeded on all his asserted claims.

**II. Alleged Failure to Consider the Limited Degree of Success that Roseboro Achieved**

While Roseboro prevailed on his FMLA claim, he won only limited relief.  In his complaint, Roseboro seeks damages equal to all of his accumulated lost wages and benefits,

---

[2] Roseboro titles Count One simply as "Violation of the Family and Medical Leave Act (FMLA)."

damages for financial and emotional harm, reinstatement as a Library employee, and such other relief as to which he may be entitled. All the Court awarded Roseboro was expungement of certain AWOL charges from his personnel record. In recognition of this limited degree of success, the Library argues that the Court should significantly reduce Roseboro's requested fee. The Library does not suggest a specific amount that would be appropriate.

The Supreme Court has stated that "the degree of the plaintiff's overall success goes to the reasonableness of a fee award . . . . Indeed, the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quotations omitted). "[A] district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought," because "such a comparison promotes the court's central responsibility to make the assessment of what is a reasonable fee under the circumstances of the case." *Id.* at 114-15 (quotations omitted).[3] "Thus, even when an award of attorney's fees is mandatory, the district court may decrease the amount of fees that might otherwise be awarded in order to account for the plaintiff's limited success." *McDonnell v. Miller Oil Co.*, 134 F.3d 638, 641 (4th Cir. 1998).

In *Farrar*, the Supreme Court even suggested that a plaintiff who formally prevails but wins only nominal damages should receive no attorney's fees at all. 506 U.S. at 115. "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Id.* (internal citation

---

[3] This guidance is of limited utility to the Court because there are no clear values in this case for the amount sought and amount awarded. Roseboro has never in this litigation asserted a specific amount of money damages sought. Nor can the Court with any exactitude place a value — either subjectively to Roseboro or objectively — on the recognition of Library wrongdoing and expungement of Roseboro's personnel record.

omitted). Statutory fee awards are not meant to produce windfalls for attorneys. *See City of Riverside v. Rivera*, 477 U.S. 561, 580 (1986).

The Court does not in this case find that attorney's fees should be completely denied, but agrees that a significant reduction is appropriate. While Roseboro did not win money damages or reinstatement, the Court's equitable relief was more than mere nominal damages. Beyond securing legal vindication that the Library wrongfully denied his FMLA rights, Roseboro benefitted from the expungement of the AWOL charges.

Having considered the circumstances of this case and the parties' submissions, the Court decides that a one-third cut in the requested attorney's fee is appropriate and yields a reasonable amount. The Court does not and cannot make any mathematical determination of how much time was spent on successful versus unsuccessful arguments, because the work that Roseboro's attorney did to secure the equitable relief of expungement is inextricably intertwined with the work done in the hope of winning reinstatement and money damages. Rather, the Court bases the fee reduction on equitable considerations that this litigation involved no particularly complex or novel factual and legal issues requiring especial skill, nor did it necessitate the attorney having to engage in any trial preparation.[4]

## CONCLUSION

In recognition of the limited degree of success that Roseboro achieved in this suit, the

---

[4] These considerations are appropriate under the seminal case on factors that guide the determination of a reasonable attorney's fee, *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-720 (5th Cir. 1974). *See Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516, 1522 (D.C. Cir. 1988) (describing *Johnson* factors as "familiar in the jurisprudence of attorneys' fee awards"). The twelve enumerated *Johnson* factors include the "novelty and difficulty of the questions" and the "skill requisite to perform the legal service properly." *Johnson*, 488 F.2d at 718.

Court award attorney's fees of $34,412.67, a one-third cut from his requested amount of $51,619. Additionally, the Court awards the requested costs of $270.

An order accompanies this Memorandum Opinion.

May 28, 2009

>                    /s/
>          THOMAS F. HOGAN
>        United States District Judge